Joseph Garland, Appellant, v Willis Vermilyea, Respondent. — Appeal from an order of the Supreme Court at Special Term (Cholakis, J.), entered August 14, 1981 in Greene County, which granted defendant's motion to dismiss the complaint, with leave to replead. This libel and slander action is grounded on allegations that defendant falsely stated that plaintiff had ac-

cused another of theft. Since the offensive publication is not defamatory per se, the complaint, to withstand a motion to dismiss, must plead special damages (*Wehringer v Allen-Stevenson School,* 46 AD2d 641, affd 37 NY2d 864, cert den 424 US 924; *Grinaldo v Meusburger,* 34 AD2d 586, 587, app dsmd 27 NY2d 598). This same requirement obtains if the complaint is read as charging a prima facie tort (*ATI, Inc. v Ruder & Finn,* 42 NY2d 454, 458). Here special damages, defined as "loss of a pecuniary nature" (*Bishop v New York Times Co.,* 233 NY 446, 452), have not been pleaded. The allegation that plaintiff "was required to expend large sums of money" does not allege special damages for it is of insufficient particularity (*Rager v McCloskey,* 305 NY 75, 81; see, also, *Morrison v National Broadcasting Co.,* 19 NY2d 453, 458), as is the claim that plaintiff has been damaged in the round figure of $1,000,000 (see *Drug Research Corp. v Curtis Pub. Co.,* 7 NY2d 435, 441). Order affirmed, with costs. Sweeney, J. P., Main, Casey, Mikoll and Yesawich, Jr., JJ., concur.