Leon Talbot et al., Respondents, v Johnson Newspaper Corporation et al., Respondents, and Stuart P. Mac-Laren et al., Appellants.

Third Department, January 15, 1987

APPEARANCES OF COUNSEL

*MacKenzie Smith Lewis Michell & Hughes (Nancy L. Pontius* of counsel), for appellants.

*Fischer, Hughes, Bessette & Edwards (James P. Bessette* of counsel), for Leon Talbot and another, respondents.

*Bond, Schoeneck & King (S. Paul Battaglia* of counsel), for Johnson Newspaper Corporation and others, respondents.

### OPINION OF THE COURT

WEISS, J. P.

The facts giving rise to this defamation action are set forth in a previous decision of this court which concerned defendants in this action other than those now appealing, defendants Stuart P. MacLaren and Patricia A. MacLaren *(Talbot v Johnson Newspaper Corp.,* 124 AD2d 284). At issue in the present appeal is whether New York courts have personal jurisdiction over Stuart MacLaren and his daughter, Patricia MacLaren, both residents of California. Special Term found such jurisdiction, determining that the MacLarens had transacted business in New York by virtue of Patricia MacLaren's attendance at and graduation from St. Lawrence University (the University). Specifically, Special Term noted that the MacLarens had a contractual agreement with the University, that but for her attendance at the University Patricia MacLaren would not have been present at the fraternity party which gave rise to the allegedly defamatory statements, and that Stuart MacLaren was seeking to enforce the contract between the MacLarens and the University by writing the allegedly defamatory letters to the president and trustees of the University.

Although Special Term correctly stated the requisites for a finding of jurisdiction under CPLR 302 (a) (1), we disagree with its analysis of those requisites in light of the facts of this case. Initially, we note that this is one of the rare tort cases in which personal jurisdiction is asserted under CPLR 302 (a) (1); ordinarily, such jurisdiction is asserted in contract actions. In either case, however, the standard for determining the existence of jurisdiction is the same: business activity sufficiently purposeful to justify bringing the nondomiciliary into New York and a substantial relationship between that activity and the cause of action *(see, McGowan v Smith,* 52 NY2d 268, 271-272; *cf. Lupton Assoc. v Northeast Plastics,* 105 AD2d 3, 5-6).

Assuming for the sake of argument that the pursuit of a college education in New York could constitute business activity sufficiently purposeful to justify bringing both Stuart Mac-Laren and Patricia MacLaren into New York to defend this lawsuit, we nevertheless do not believe that this activity should be the basis for asserting personal jurisdiction in this case. If a college education may be considered a contract, the terms of such a contract would have been that in exchange for payment of tuition and proper class attendance and performance, the University would provide Patricia MacLaren with the opportunity to secure a college degree. It is undisputed that she received this degree in 1982 and thereafter returned to California. Thus, when the cause of action herein arose two years later, in 1984, a contractual relationship no longer existed between the MacLarens and the University. Contrary to Special Term's finding, therefore, Stuart MacLaren's 1984 letters cannot be viewed as an attempt to enforce a contract; the parties' duties under the contract had been completed and there was no 1984 New York business activity which would justify bringing the MacLarens into New York.

We also reject Special Term's reasoning that there was a sufficient relationship between the MacLarens' previous business activity of contracting with the University and the cause of action because Patricia MacLaren would not have been in a position to make her observations at the fraternity party but for her attendance at the University. A defendant may not be subject to personal jurisdiction under CPLR 302 (a) (1) simply because her contact with New York was a link in the chain of events giving rise to the cause of action (1 Weinstein-Korn-Miller, NY Civ Prac ¶ 302.05; *see, McGowan v Smith, supra),* and Patricia MacLaren's University attendance, which terminated two years before the cause of action arose, was such a

link. The allegedly defamatory statements are "sufficiently separated by time and geography" from Patricia MacLaren's University attendance "that [the] claim does not arise out of the transaction of business * * * in New York" *(Xedit Corp. v Harvel Indus. Corp.,* 456 F Supp 725, 729). Accordingly, we find that the New York courts do not have personal jurisdiction over the MacLarens and the complaint as against them should be dismissed.

MIKOLL, YESAWICH, JR., and HARVEY, JJ., concur.

Order reversed, on the law and the facts, without costs, motion granted and complaint dismissed as to defendants Stuart P. MacLaren and Patricia A. MacLaren.