■ EAC Systems, Inc., Appellant, v Carmen Chevie, Respondent.—Casey, J. Appeal from an order of the Supreme Court (Doran, J.), entered November 4, 1988 in Albany County, which granted defendant's motion to dismiss the complaint for lack of personal jurisdiction.

At issue on this appeal is whether Supreme Court erred in holding that the causes of action asserted in plaintiff's complaint against defendant, a nondomiciliary, did not arise out of defendant's transaction of business within the State (see, CPLR 302 [a] [1]). We find no error and, therefore, affirm the order dismissing plaintiff's complaint.

Prior to December 31, 1981, defendant was an officer, director and shareholder of two corporations, one of which was a New York corporation and the predecessor to plaintiff herein. During the course of his employment with these corporations, defendant concededly transacted business in New York. On December 17, 1981, prior to a shareholder meeting in New York, defendant was asked to terminate his relationship with the corporations and he signed an agreement whereby he resigned, effective December 31, 1981, as an officer and director of both corporations. Defendant continued to be a shareholder in plaintiff's predecessor until the corporation purchased his interest pursuant to an agreement executed by defendant in June or July 1982. The terms of the agreement were embodied in a document dated May 14, 1982, which defendant initially refused to sign, and an addendum dated June 1, 1982, along with an undated confidentiality agreement. The four causes of action arise out of the terms of the buy-out agreement.

Since the papers submitted upon defendant's motion to dismiss for lack of personal jurisdiction raised questions of fact as to whether defendant executed and/or negotiated any part of the buy-out agreement in New York, Supreme Court held a hearing (see, CPLR 3211 [c]). During the course of the hearing, plaintiff sought to introduce evidence concerning defendant's New York contacts prior to December 17, 1981, the date when defendant was asked to terminate his relationship with the corporations. Supreme Court ruled that the evidence was irrelevant, since plaintiff's causes of action arose out of an agreement executed some five or six months after defendant ceased his activities as a corporate officer and

director. Plaintiff contends that Supreme Court erred in its ruling and that the evidence of defendant's substantial contacts within this State through his transaction of business in New York as a corporate officer and director provides the necessary basis for personal jurisdiction. We disagree.

For jurisdiction to attach under CPLR 302 (a) (1), there must be "some articulable nexus" between the business transacted in New York and the causes of action sued upon *(McGowan v Smith,* 52 NY2d 268, 272). In the case at bar, defendant concedes that he conducted business in New York while he was an officer and director of the corporations, but these activities "have not been shown to bear a substantial relationship to the transaction out of which the instant cause[s] of action arose", as required under the long-arm statute *(supra,* at 272). The record establishes that after defendant resigned as corporate officer and director, he had no further business dealings with the corporations in New York. The causes of action herein do not arise out of defendant's earlier activities as a corporate officer and director. Rather, this action is based exclusively upon the buy-out agreement, and in particular the June 1, 1982 addendum, which was neither executed nor negotiated by defendant in New York. Defendant's alleged misconduct with respect to the buy-out agreement is sufficiently separated by time and geography from his New York business dealings as a corporate officer and director that the claim does not arise out of the transaction of business within the meaning of CPLR 302 (a) (1) *(see, Talbot v Johnson Newspaper Corp.,* 123 AD2d 147, *affd* 71 NY2d 827). While we agree with plaintiff that the existence of a New York choice of laws provision in the agreement is a factor to be considered, we find the absence of a substantial relationship between defendant's New York business activities and the causes of action asserted in plaintiff's complaint to be dispositive *(see, McGowan v Smith, supra).*

Order affirmed, with costs. Kane, J. P., Casey, Mikoll, Yesawich, Jr., and Mercure, JJ., concur.