■ JOHN D. HALFORD, JR., Appellant, v FIRST JERSEY SECURITIES, INC., et al., Respondents.—Mercure, J. Appeals (1) from an order of the Supreme Court (Keniry, J.), entered January 28, 1991 in Rensselaer County, which partially granted defendants' motion to dismiss the complaint for, *inter alia,* failure to state a cause of action, and (2) from an order of said court, entered July 10, 1991 in Rensselaer County, which denied plaintiff's motion to dismiss defendants' sixth affirmative defense and first counterclaim.

At all times relevant herein, plaintiff maintained a securities account with defendant First Jersey Securities, Inc. (hereinafter First Jersey). In April 1985, plaintiff was contacted by defendant Peter Fiore, a broker employed by First Jersey in its Albany office. Based on Fiore's advice, plaintiff agreed to purchase 2,000 shares of the stock of defendant International Thoroughbred Breeders, Inc. (hereinafter ITB), a corporation engaged in, *inter alia,* the purchase, breeding and sale of thoroughbred horses. Defendant Robert Brennan, the chairperson of First Jersey in 1985, was also the chairperson and a stockholder of ITB.

In July 1985, Fiore advised plaintiff to purchase additional shares of ITB stock, allegedly stating that the stock's sale price would substantially increase by the end of August 1985. According to plaintiff, he refused to purchase more shares of ITB stock and directed Fiore to sell all of the stock contained in his account, in addition to other stock certificates delivered by him to Fiore.

Two months later, plaintiff received by mail a notice from First Jersey confirming his purchase of 10,000 shares of ITB stock at $7 per share. Plaintiff then contacted Fiore and defendant Steven Trusso, the manager of First Jersey's Albany office, stating that he would not pay for the additional stock because it was purchased without his consent and demanding that the allegedly unauthorized transactions be reversed and that the proceeds from all of his sold stock be turned over to him.

Plaintiff subsequently commenced this action alleging

breach of contract, conversion and fraud.* Defendants moved to dismiss the complaint or, alternatively, to strike certain allegations pursuant to CPLR 3024 (b). Supreme Court partially granted defendants' motion by dismissing the first cause of action for breach of contract against Brennan and ITB, the conversion cause of action against Brennan, ITB, Fiore and Trusso, and the fraud cause of action against all defendants. Supreme Court also struck all allegations in the complaint "referring to other clients of [First Jersey], or other prosecutions and/or sanctions or other judicial proceedings", which the court deemed irrelevant to the instant matter. Following the receipt of defendants' answer, plaintiff moved to dismiss defendants' sixth affirmative defense and first counterclaim, which alleged a breach of contract by plaintiff. Supreme Court denied that motion. Plaintiff appeals from the order entered on each of Supreme Court's determinations.

Initially, we agree with Supreme Court that plaintiff failed to state a cause of action for breach of contract against Brennan and ITB. With regard to ITB, there is no allegation in the complaint demonstrating the existence of any contractual relationship between plaintiff and ITB. Plaintiff's attempt to impute liability to ITB based upon its agency relationship with First Jersey is unavailing, as the complaint sets forth no facts tending to show that, in making the claimed unauthorized sales, First Jersey was acting for ITB and subject to its control (see, Restatement [Second] of Agency § 1 [1]). As to Brennan, the allegations in the complaint are insufficient to establish that he personally participated in any acts which plaintiff claims constituted a breach of contract, and he cannot be held liable based solely upon his position as chairperson of First Jersey (see, Prudential-Bache Metal Co. v Binder, 121 AD2d 923, 926; Dupack v Nationwide Leisure Corp., 70 AD2d 568, 570). Further, we are unpersuaded by plaintiff's contention that Brennan may be held responsible for common-law breach of contract based on a theory of "control person" liability under 15 USC § 77o. That provision imposes liability on a person who controls any other person liable under 15 USC §§ 77k or 77l, neither of which has any applicability here.

---

* Plaintiff had previously commenced an action in United States District Court alleging violations of the Racketeer Influenced and Corrupt Organizations Act (18 USC § 1962), breach of contract, conversion and fraud. Plaintiff's complaint was dismissed with prejudice for failure to state a claim, and the United States Court of Appeals for the Second Circuit affirmed as to the Federal claims.

Next, we find that Supreme Court's dismissal of the conversion cause of action against all defendants except First Jersey was also proper. The gravamen of plaintiff's conversion claim is that the proceeds generated from the sale of his stock were wrongfully applied to his First Jersey account to pay for allegedly unauthorized purchases of ITB stock. Here again, however, plaintiff alleged no facts demonstrating any involvement by ITB in the claimed conversion. Similarly, the facts pleaded by plaintiff are insufficient to warrant the imposition of personal liability on Brennan, Fiore or Trusso (see, Bellinzoni v Seland, 128 AD2d 580; Connell v Hayden, 83 AD2d 30, 46).

Turning to plaintiff's third cause of action for fraud, we note first that the allegations set forth in support of this claim essentially state a cause of action for breach of contract, rather than fraud (see, Courageous Syndicate v People-to-People Sports Comm., 141 AD2d 599, 600-601; see also, Manhattan Film v Entertainment Guars., 156 AD2d 152, 154). In any event, the allegations in the complaint do not establish the necessary element of reliance (see, Nottenberg v Walber 985 Co., 160 AD2d 574, 575) and, despite plaintiff's position to the contrary, he may not rely on Federal securities laws, which are inapplicable to the facts in this case, to bootstrap his common-law claim for fraud. Finally, we agree with Supreme Court that plaintiff failed to state the circumstances constituting the alleged fraud with the requisite detail (see, CPLR 3016 [b]; Lanzi v Brooks, 54 AD2d 1057, 1058, affd 43 NY2d 778). Under the circumstances of this case, we cannot conclude that Supreme Court erred in not granting plaintiff leave to replead.

We also agree with Supreme Court's decision to strike the allegations of the complaint concerning other clients of First Jersey and prior proceedings or adjudications involving First Jersey. Such allegations are clearly unnecessary as they relate to events outside the scope of this action and are potentially prejudicial to defendants (see, CPLR 3024 [b]; Talbot v Johnson Newspaper Corp., 124 AD2d 284, 285).

As a final matter, it is our view that Supreme Court erred in denying plaintiff's motion to dismiss defendants' sixth affirmative defense and first counterclaim alleging plaintiff's breach of a contract to pay for the ITB stock. The First Jersey statement of account relied upon by plaintiff as documentary proof in support of his motion establishes that First Jersey canceled 7,255 of the 10,000 shares of ITB stock purchased and applied the proceeds from the sale of plaintiff's other

stock to his outstanding balance for the ITB shares not canceled.

Mikoll, J. P., Crew III and Mahoney, JJ., concur. Ordered that the order entered January 28, 1991 is affirmed, without costs. Ordered that the order entered July 10, 1991 is reversed, on the law, without costs, motion granted and defendants' sixth affirmative defense and first counterclaim dismissed.