OPINION OF THE COURT
Gabrielli, J.
' The infant plaintiff, a New York resident, was injured while visiting with friends in Ontario, Canada. The injuries allegedly were caused by the malfunctioning of a fondue pot, which had been shipped from Japan by Mogi Trading Co., a Japanese exporter, and purchased at a department store in Buffalo, New York. After having been served wit process in the instant action, the defendant department *271 store attempted to implead Mogi Trading Co. as a third-party defendant, citing CPLR 302 (subd [a], par 1) and CPLR 302 (subd [a], par 3) as alternative predicates for the exercise of in personam jurisdiction. Special Term denied Mogi’s motion to dismiss the third-party complaint but the Appellate Division reversed, finding that neither of these two provisions supported the exercise of in personam jurisdiction over the nonresident third-party defendant. We agree with the conclusion reached by the Appellate Division and, accordingly, hold that the dismissal of the complaints against Mogi by that court[1] was entirely proper.
Under CPLR 302 (subd [a], par 1), the courts of this State are authorized to exercise in personam jurisdiction over a nondomiciliary if the cause of action at issue arose out of the transaction of business within the State. It is well established, however, that the long-arm authority conferred by this subdivision does not extend to nondomiciliaries who merely ship goods into the State without ever crossing its borders (Kramer v Vogl, 17 NY2d 27; see McLaughlin, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, C302:13, p 80).[2] In addition to the shipment of goods into the State, there must have been some “purposeful activities” within the State that would justify bringing the nondomiciliary defendant before the New York courts (Reiner & Co v Schwartz, 41 NY2d 648; Hi Fashion Wigs v Hammond Adv., 32 NY2d 583; Parke-Bernet Galleries v Franklyn, 26 NY2d 13; compare Longines-Wittnauer *272 Watch Co. v Barnes & Reinecke, 15 NY2d 443, swpra, with McKee Elec. Co. v Rauland-Borg Corp., 20 NY2d 377).
In an effort to establish the existence of such “purposeful activities” in this case, the third-party plaintiff department store relies upon several visits which representatives of Mogi Trading Co. made to New York for the purpose of doing general marketing research and ascertaining what type of products might be salable in New York. While these visits certainly may be characterized as “purposeful”, they cannot form the predicate for the exercise of in personam jurisdiction under CPLR 302 (subd [a], par 1) for the simple reason that they have not been shown to bear a substantial relationship to the transaction out of which the instant cause of action arose. Absent such a showing, the occurrence of these visits serves merely to establish Mogi’s transitory physical presence within the State. And, as we noted in Presidential Realty Corp. v Michael Sq. West (44 NY2d 672, 673), “physical presence alone cannot talismanically transform any and all business dealings into business transactions under CPLR 302 (subd [a], par [1])”.
Essential to the maintenance of a suit against a nondomiciliary under CPLR 302 (subd [a], par 1) is the existence of some articulable nexus between the business transacted and the cause of action sued upon (but cf. Singer v Walker, 15 NY2d 443). Indeed, it is this basic requirement that differentiates the long-arm authority conferred by CPLR 302 (subd [a], par 1) from the more traditional authority of the New York courts under CPLR 301 to exercise in personam jurisdiction over foreign defendants who are “present” within the State by virtue of their “doing business” here. Where jurisdiction is predicated upon the provisions of CPLR 301, there is no need to establish a connection between the cause of action in issue and the foreign defendant’s business activities within the State, because the authority of the New York courts is based solely upon the fact that the defendant is “engaged in such a continuous and systematic course of ‘doing business’ here as to warrant a finding of its ‘presence’ in this jurisdiction” (Simonson v International Bank, 14 NY2d 281, 285, supra; accord Frummer v Hilton Hotels Int., 19 NY2d 533). Where the *273 plaintiff’s proof falls short of establishing such a “systematic course of ‘doing business’ ”, however, our statutory scheme permits him to bring the foreign defendant within the power of the New York courts upon a lesser showing of some business contacts within the State only if he demonstrates that his cause of action arose out of those business contacts.
Here, although it has been demonstrated that third-party defendant Mogi transacted some business within the State, there has been no proof to establish either that Mogi was engaged in a “systematic course of ‘doing business’ ” in New York or that the transitory business actually transacted here was sufficiently related to the subject matter of the lawsuit to justify the exercise of in personam jurisdiction under CPLR 302 (subd [a], par 1). Absent such proof, the bare fact that third-party defendant Mogi had some “purposeful” business contact with the State through its efforts to conduct general marketing research within its borders cannot furnish an adequate predicate for bringing the Japanese exporting firm within the power of the New York courts.
Nor may long-arm jurisdiction be premised in this case upon the provisions of CPLR 302 (subd [a], par 3). Under that subdivision, a nondomiciliary who “commits a tortious act without the state causing injury ** * * within the state” may be brought before a New York court to answer for his conduct if he has had sufficient economic contact with the State or an active interest in interstate or international commerce coupled with a reasonable expectation that the tortious conduct in question could have consequences within the State.[3] Although most of the criteria set forth in this *274 statute have been satisfied here, it is obvious that the provision is inapplicable, since there has been no allegation that the tortious conduct in question caused injury in New York. Indeed, the allegations in the pleadings clearly indicate that the situs of the injury was Ontario, Canada, where the accident involving the purportedly defective fondue pot occurred.
It has been argued that the residence of the injured party in New York should provide an adequate predicate for the exercise of in personam jurisdiction under CPLR 302 (subd [a], par 3), notwithstanding that the injury in this case actually occurred elsewhere. This contention is based, in turn, upon the assumption that CPLR 302 (subd [a], par 3), which was enacted after our decision in Feathers v McLucas (15 NY2d 443), was designed primarily to provide a convenient forum for litigation for New York domiciliaries who are injured by products manufactured in other jurisdictions. In view of the remedial purposes of the statute, it is argued, the mere fortuity that the injury occurred elsewhere should not be permitted to defeat jurisdiction where the injured party is a resident of New York and the product in question was originally purchased here by a New York consumer.
It is not our task, however, to decide whether the exercise of in personam jurisdiction on the basis of the injured party’s residence in New York would be desirable or even constitutionally permissible under the circumstances presented in this case. Rather, our task, at least in the first instance, is the far simpler one of determining whether the Legislature has in fact chosen to extend the long-arm authority of our courts in the manner suggested (see Feathers v McLucas, supra, at pp 459-460). We have already held in the context of a case involving a commercial tort that the residence of the injured party in New York is not sufficient to satisfy the clear statutory requirement of an “injury *275 within the state” (Fantis Foods v Standard Importing Co, 49 NY2d 317, 326; but cf. Sybron Corp. v Wetzel, 46 NY2d 197). We can see no sound reason for ignoring the plain language of CPLB, 302 (subd [a], par 3) and reaching a contrary conclusion in this case.
Accordingly, the order of the Appellate Division should be affirmed, with costs.
Chief Judge Cooke and Judges Jasen, Jones, Wachtler, Fuchsberg and Meyer concur.
Order affirmed.

. After defendant department store impleaded Mogi Trading Co., the infant plaintiff apparently amended his complaint in order to add Mogi as a party defendant. Although the Appellate Division order of dismissal refers only to “the complaint”, it is abundantly evident from the language of the opinion that court intended to dismiss both the complaint and the third-party complaint against Mogi.

. In 1979, the Legislature amended CPLR 302 (subd [a], par 1) to enable the courts of this State to exercise personal jurisdiction over nondomiciliaries who contract “anywhere to supply goods or services in the state” where the cause of action in issue arises out of the contractual relationship (L 1979, ch 252). Inasmuch as the complaints in this case were served prior to the enactment of the amendment, we have no occasion to consider whether the new provision would furnish an alternate predicate for bringing third-party defendant Mogi before a New York court (see Longines-Wittnauer Watch Co. v Barnes & Reinecke, 15 NY2d 443, 452-454; Simmonson v International Bank, 14 NY2d 281, 290).

, CPLR 302 (subd [a], par 3) reads in its entirety as follows:
“(a) Acts which are the basis of jurisdiction. As to a cause of action arising from any of the acts enumerated in this section, a court may exercise personal jurisdiction over any nondomiciliary, or his executor or administrator, who in person or through an agent:
* * *
“(3) commits a tortious act without the state causing injury to person or property within the state, except as to a cause of action for defamation of character arising from the act, if he
“(i) regularly does or solicits business, or engages in any other persistent *274 course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or
“ (ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce”.