**MARTIN E. SEGAL COMPANY, Plaintiff,**

v.

**John W. BARTON, Defendant.**

**No. 84 Civ. 9259 (RWS).**

United States District Court, S.D. New York.

June 27, 1985.

Simpson Thacher & Bartlett, New York City, for plaintiff; Barry R. Ostrager, New York City, of counsel.

Willkie Farr & Gallagher, New York City, for defendant; Lawrence O. Kamin, Arthur S. Gabinet, New York City, of counsel.

## OPINION

SWEET, District Judge.

Defendant John Barton ("Barton") has moved to dismiss this diversity-based action pursuant to Fed.R.Civ.P. 12(b)(2) for lack of personal jurisdiction. Plaintiff Martin E. Segal Co. ("Segal") alleges that Barton has sufficient contacts with New York to support jurisdiction pursuant to CPLR § 302(a)(1). The motion to dismiss is granted.

### Facts

For the purposes of this motion, the facts will be accepted as alleged by Segal. *See Hoffritz For Cutlery, Inc. v. Amajac, Ltd.,* 763 F.2d 55 (2d Cir.1985). This case arises from Barton's former employment with Segal and allegations that Barton has breach-ed certain provisions of a non-competition agreement by continuing to render consulting and actuarial services to Segal's clients through Barton's current employer.

Segal is a national firm which has its headquarters in New York City. Barton is a citizen and resident of California. In 1974 Barton was hired by Segal as a corporate division representative for the Western region, working in Segal's San Francisco office. During the ten years Barton worked for Segal, he was stationed in California, and he worked with clients based exclusively in California, Washington, or other Western states. On January 1, 1978, while in California, Barton executed a non-competition agreement with Segal.

During his employment with Segal, Barton consulted with corporate officials in New York, and Barton made several trips to New York at company expense. Segal characterizes these trips as frequent; Barton limits their number. Two such trips were for company-wide meetings of all Segal executives. During other trips, meetings focused on client development, and, at least once, Barton discussed projects and presentations for California clients.

Barton's paychecks and reimbursements for expenses were paid by checks drawn on a New York account. Barton, however, neither owns nor rents real estate in New York; he has no bank accounts in New York; and he does not maintain an office, home or telephone in New York.

In July 1984 Barton left Segal and was employed by Mercer-Meidinger Corp. in San Francisco. In working for Mercer, Barton has worked exclusively for California clients and has had no contact with New York.

### Discussion

Personal jurisdiction in a diversity action is determined by the law of the jurisdiction in which the court sits. *United States v. First National City Bank,* 379 U.S. 378, 381–82, 85 S.Ct. 528, 530, 13 L.Ed.2d 365 (1965). The burden of establishing jurisdiction over a defendant rests on the plaintiff, and in the absence of an evidentiary hearing; the plaintiff need make only a prima

facie showing that jurisdiction exists. *Hoffritz For Cutlery, supra; Beacon Enterprises, Inc. v. Menzies,* 715 F.2d 757 (2d Cir.1983).

Segal asserts jurisdiction under CPLR § 302(a)(1), which states:

> As to a cause of action arising from any of the acts enumerated in this section, a court may exercise personal jurisdiction over any nondomiciliary, or his executor or administrator, who in person or through an agent:
>
> 1. transacts any business within the state or contracts anywhere to supply goods or services in the state ...

When jurisdiction is based upon § 302(a)(1), the cause of action sued upon must arise from the transaction of business within the state. *McGowan v. Smith,* 52 N.Y.2d 268, 437 N.Y.S.2d 643, 419 N.E.2d 321 (Ct.App. 1981) (requiring an articulable nexus between the business transacted and the cause of action sued upon). In *Faherty v. Fender,* 572 F.Supp. 142 (S.D.N.Y.1983) the Court held:

> A defendant is subject to jurisdiction in New York if he transacts business within the state and there is a "substantial relationship" between this transaction of business and plaintiff's causes of action. This "substantial relationship" test is not satisfied by a remote causal connection between defendant's forum activity and plaintiff's claim. (citations omitted)

In *Pavlo v. James,* 437 F.Supp. 125 (S.D. N.Y.1977) the plaintiff attempted to assert jurisdiction pursuant to CPLR § 302(a)(1) to recover for alleged breaches of a non-competition agreement. Plaintiff alleged that the non-resident defendant employee while in the employ of plaintiff had established competing corporations in Kentucky and Indiana. Although the plaintiff alleged that the employee frequently visited New York on business, the Court declined to exercise jurisdiction, holding that the absence of a specific linkage between the New York activities and the cause of action made jurisdiction improper.

Similar reasoning compels a finding in this action that jurisdiction based on CPLR § 302(a)(1) would be improper. There is no meaningful dispute about the extent of Barton's New York contacts. However, Segal has not established, or even alleged, that the visits to New York or the business conducted during those visits is related in a substantial or proximate manner to the alleged violations of the non-competition agreement. Although Segal claims that Barton "performed in New York numerous purposeful acts in relation to his employment," Segal does not allege that these acts were substantially or proximately connected to the alleged breach. No allegation or showing is made that the Segal clients for whom Barton now provides services were in any manner connected with Barton's New York contacts. Nor is there an allegation that any confidential information which Barton has used improperly was obtained during his New York visits.

In *Hoffritz, supra,* the Court stated that to establish jurisdiction under 302(a)(1) it was necessary to show "that the cause of action is sufficiently related to the business transacted [in New York] that it would not be unfair to deem it to arise out of the transacted business ..." *Id.* at 59. Segal has alleged only a connection between business transacted in New York and the employment contract generally. No allegation is made with respect to a nexus between the business transacted in New York and the specific breaches alleged in the complaint.

### Conclusion

Segal has failed to allege a prima facie case that would establish proper jurisdiction under CPLR § 302(a)(1). The clerk is directed to enter judgment dismissing the case.

IT IS SO ORDERED.