DIESEL SYSTEMS, LTD., Plaintiff,

v.

YIP SHING DIESEL ENGINEERING COMPANY, LTD., Cheung Shing Ip, Cheung Shing Choi, and Cheung Shing Kwan, Defendants.

No. CV 93–2392.

United States District Court,
E.D. New York.

Aug. 23, 1994.

Ltd., a Hong Kong corporation ("DSL–HK") and sister corporation to DSL–NY, was the party to the agreement.

Accordingly, defendants move to dismiss the complaint on the ground that DSL–NY is neither the real party in interest nor has standing to bring the claim. Defendants also argue that the case should be dismissed because DSL–HK is an indispensable party the joinder of which will defeat diversity jurisdiction. Additionally, defendants move to dismiss the complaint on the ground that this Court lacks personal jurisdiction over the defendants and on the ground of forum non conveniens. For the reasons stated below, defendants' motion to dismiss is granted.

Rivkin, Radler & Kremer by Leonard F. Lesser, Uniondale, NY, for plaintiff.

Richard & O'Neil by Edward L. Powers, New York City, for defendants.

## MEMORANDUM AND ORDER

WEXLER, District Judge.

Diesel Systems Ltd., a New York Corporation ("DSL–NY" or "plaintiff"), brought this diversity action against Yip Shing Diesel Engineering Company, Ltd. ("Yip Shing"), a Hong Kong corporation, and Cheung Shing Ip ("Ip"), Cheung Shing Choi ("Choi") and Cheung Shing Kwan ("Kwan"), all Hong Kong citizens (collectively "defendants"). Both plaintiff and defendants are involved in the business of distributing generator sets ("gen sets") to the Peoples Republic of China.

In its complaint, DSL–NY alleges that it had a distribution agreement with third parties and that defendants tortiously interfered with that contract. Additionally, plaintiff also alleges that this tortious interference amounts to a breach of fiduciary duties on the part of the individual defendants because they were fiduciaries of DSL–NY. Defendants maintain that DSL–NY does not have standing to bring this action. As it turns out, the contract that defendants allegedly interfered with was not between DSL–NY and third parties. Rather, Diesel Systems,

## I. BACKGROUND

In its complaint, plaintiff alleges that it had a long standing business relationship with certain manufacturers and dealers of gen sets which culminated in an exclusive distributorship agreement between it and the third parties. Plaintiff further alleges that the individual defendants were fiduciaries of DSL–NY and that defendants and the third parties conspired to remove plaintiff from the gen set distribution chain.

Plaintiff's complaint, however, is misleading. It fails to acknowledge that the distribution agreement was not between it and the third parties. Rather, the agreement was between DSL–HK and the third parties. Plaintiff's entire complaint seeks to obfuscate the relationship between it and its sister corporation. Indeed, in its complaint, plaintiff refers to DSL–HK, as a DSL–NY Hong Kong office. Only after defendants submitted proof of DSL–HK's separate incorporation did plaintiff concede that DSL–HK was a separate corporate entity. It maintains, however, that DSL–HK was formed solely to protect the DSL trade name in Hong Kong and that DSL–HK was never treated as a separate corporation.

According to plaintiff, beginning in 1986 or 1987, Ip acting for Yip Shing, purchased engines for assembly into gen sets from the Charon–Jessum Trading Company. Sometime in 1988, Ip visited New York and met with Roy Flood, one of Charon–Jessum's

principals. The two men met to discuss expanding their business. As a result of this meeting, the parties agreed that DSL–NY should be formed. In March 1989, Ip again visited New York and was present when DSL–NY was incorporated. Ip was elected vice president of DSL–NY but never acted as such. Finally, the parties agree that Ip visited New York a third time. The parties, however, failed to inform the Court of either the time or purpose of that visit. Neither Choi nor Kwan has ever been to New York.

In October 1989, DSL–HK was formed. As noted above, plaintiff suggests that it was formed solely to protect the DSL trade name in Hong Kong. According to plaintiff, DSL–HK shares were issued to DSL–NY shareholders in the same relative proportions. Defendants dispute this, and argue that while Choi and Kwan were shareholders of DSL–HK they owned no DSL–NY stock. Further, plaintiff argues that DSL–NY and DSL–HK share the same officers and directors. Again, defendants dispute this and claim that Choi and Kwan were directors of only DSL–HK.

Plaintiff alleges that DSL–HK never maintained its own corporate books or records and never had any accounting done on its own behalf. Further, plaintiff claims that DSL–NY as opposed to DSL–HK, placed all purchase orders with suppliers, arranged for all the shipments and paid for the shipments from its own accounts. Finally, plaintiff also claims that DSL–NY, and not DSL–HK, collected payment from downline purchasers such as Yip Shing.

## II. *DISCUSSION*

Defendants move to dismiss this action for various reasons. First, defendants claim that DSL–NY is not the real party in interest and does not have standing to bring this action. Relatedly, defendants claim that DSL–HK is a necessary and indispensable party to this ligation the joinder of which will defeat diversity jurisdiction. Additionally, defendants claim that the action against them must be dismissed because this Court

lacks personal jurisdiction over them. Finally, defendants claim that this Court should dismiss the case on the ground of forum non conveniens.

It is axiomatic that a plaintiff "generally must assert his own legal rights and cannot rest his claim to relief on the legal rights or interests of third parties." *Warth v. Seldin,* 422 U.S. 490, 499, 95 S.Ct. 2197, 2205, 45 L.Ed.2d 343 (1975). Here, DSL–NY is a legal stranger to the contract and business relations that were allegedly interfered with. DSL–NY's sister corporation, DSL–HK, is the actual party to the contract and the entity engaged in trade with the third party suppliers. A corporation does not have standing to assert claims belonging to a related corporation, simply because their business is intertwined. *See Picture Lake Campground v. Holiday Inns, Inc.,* 497 F.Supp. 858, 863 (E.D.Va.1980).

Moreover, once the directors and officers of DSL–NY decided to incorporate DSL–HK, whatever their motive, they became "bound by the disadvantages as well as the advantages of separate incorporation." *Id.* Thus, although it may very well be that DSL–HK was a merely a shell corporation, wholly controlled by DSL–NY, this Court will not pierce the corporate veil. A corporation may not pierce the veil of another corporation that it set up for its own benefit in order to advance the claims of that corporation. *See Pennsylvania Eng'g Corp. v. Islip Resource Recovery Agency,* 710 F.Supp. 456, 465 (E.D.N.Y.1989). Accordingly, defendants' motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for lack of standing in granted.[1]

In addition to the lack of standing argument, defendants also contend that under New York law, this Court lacks personal jurisdiction over all of the defendants. *See Arrowsmith v. United Press Int'l,* 320 F.2d 219, 223 (2d Cir.1963). The following facts are undisputed. All defendants are nondomiciliaries of New York. The only contact Yip Shing, the corporate defendant, had with

---

1. Because this Court finds merit with defendants' lack of standing argument it will not address defendants' indispensable party argument or forum non conveniens argument. This Court will, however, briefly, address defendants' personal jurisdiction argument.

New York, was its practice of purchasing goods from New York. Of the three individual defendants, only Ip has ever stepped foot in New York. He visited on three occasions and none of these three visits relate to the wrongs he is being sued for herein. Moreover, although Ip was a fiduciary of DSL–NY, he did not play an active role in directing corporate affairs.

Plaintiff asserts that jurisdiction is proper under New York's traditional "doing business" test, *see* N.Y.Civ.Prac.L. & R. § 301 (McKinney 1990), and pursuant to New York's long-arm statute, N.Y.Civ.Prac.L. & R. § 302(a)(1). This Court disagrees. Section 301 provides New York courts with jurisdiction over entities " 'engaged in such a continuous and systematic course of "doing business" here as to warrant a finding of [their] "presence" in this jurisdiction.' " *Arrow Trading Co. v. Sanyei Corp.*, 576 F.Supp. 67, 69 (S.D.N.Y.1983) (quoting *McGowan v. Smith*, 52 N.Y.2d 268, 437 N.Y.S.2d 643, 645, 419 N.E.2d 321, 323 (1981)). This Court finds that none of the defendants has engaged in the sort of systematic conduct necessary to meet the "doing business" standard. Thus, this Court cannot exercise personal jurisdiction over defendants pursuant to § 301.

Section 302(a)(1) provides New York courts with jurisdiction over individuals or corporations that transact business within the state. Although the extent of the business transacted need not be "systematic and continuous," there is a requirement that there be a direct and substantial relationship between the in-state activities and the cause of action. *See McGowan*, 437 N.Y.S.2d at 645, 419 N.E.2d at 323. Plaintiff has failed to demonstrate the existence of any nexus, whatsoever, between business transacted by any of the defendants in New York—of which there seems to be very little to begin with—and their alleged interference with the agreements between DSL–HK and the third parties. Accordingly, this Court finds that § 302(a)(1) provides no basis for this Court to exercise personal jurisdiction over defendants.

### III. *CONCLUSION*

For the above-stated reasons, defendants' motion to dismiss pursuant to Rules 12(b)(2) and 12(b)(6) of the Federal Rules of Civil Procedure is hereby granted. The Clerk of the Court is directed to close the case.

SO ORDERED.