[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO DISMISS
The issues as, framed by parties, is whether, under the facts of this case, personal jurisdiction may be exercised over the defendant pursuant to the provisions of General Statutes § 52-59b which provides, in pertinent part, as follows:
 "(a) As to a cause of action arising from any or the acts enumerated in this section, a court may exercise personal jurisdiction over any nonresident individual, or foreign partnership, or his or its executor or administrator, who in person or through an agent: (1) transacts any business within the state:"
The complaint alleges that on September 23, 1993 the plaintiff, Nicholas Garfield was standing in line in the CT Page 12442 defendant's hotel in Atlantic City, New Jersey waiting for a delicatessen to open when he was struck on the head as a result of a roll of wire or other material which fell off of an escalator. The First Count alleges that Nicholas Garfield sustained personal injuries as a result of the incident and the Second Count alleges a claim for loss of consortium on behalf of Theresa Garfield.
The following facts appear from a review of the affidavits filed by the parties and the responses to interrogatories which the parties have agreed may be considered by the Court: between September 23, 1990 and September 23, 1993 the defendant published newspaper advertisements in Connecticut that appeared usually once a month and were on the average of 1 column wide and 5" inches deep. The advertisements appeared in various newspapers in Connecticut. During the same three period, the defendant sent direct mailing or solicitations to 21,000 patrons on its mailing list for Connecticut residents. The plaintiffs also received, at their home address, various mailings including advertisements, birthday cards and inducements to visit the defendant's hotel. The plaintiffs further state that they were induced to visit the defendant's hotel as a result of the foregoing advertisements and mailings. During the same three period the defendant did not underright, sponsor or promote any buses to its hotel from Connecticut and the bus lines that come from Connecticut are unaffiliated with the defendant. The defendant has also retained various attorneys in Connecticut to collect debts owed to the defendants by various Connecticut residents. During the same three period the defendant did not own any real estate or personal property in the State of Connecticut. The various mailings induced the plaintiffs to visit the defendant's hotel.
The defendant has filed a timely Motion to Dismiss the action asserting that there is no personal jurisdiction over the defendant and, in determining that issue, the court first addresses whether the statute in question authorizes the exercise of jurisdiction and, if so, whether the assertion of such jurisdiction would violate constitutional due process principles. Frazier v. McGowen, 198 Conn. 243, 246 (1986);Lombard Bros. Inc. v. General Asset Management Co., 190 Conn. 245,250 (1983).
While the statute does not define the phrase "transacts CT Page 12443 any business", our courts have held that the statute does include "a single purposeful business transaction" Rosenblitv. Dannaher, 206 Conn. 125, 138 (1988). In enacting General Statutes § 52-59b, the legislature used New York Civil practice law as a model and therefore judicial interpretation given to the statute by New York courts is pertinent.Zartolas v. Neisenfeld, 184 Conn. 471, 474 (1981). It has been stated that under New York law, "(m)ere solicitation, advertising, or telephone calls to New York do not satisfy the `transaction of business test'". Summon v. HarvardMedical School, 494 F. Sup. 603, 612 (S.D.N.Y. 1980), affirm'd636 F.2d 1204 (2nd Cir 1980); citing Glassman v. Hyder,23 N.Y.2d 354, 244 N.E. 259, 296 N.Y.S.2d 783 (1968);Greenberg RSP v. Realty Corp. 22 App.Div.2d 690, 253 N.Y.S.2d 344
(1964); King v. Best Western Country Inn, 138 F.R.D. 39, 42
(SDNY 1991). However the court is unwilling to conclude that the activities of the defendant are insufficent [insufficient], under any factual pattern, to come within the ambit of General Statutes § 52-59b.
General Statutes § 52-59b applies to causes of action "arising from" the transaction of business within the State of Connecticut. In determining whether the plaintiff's cause of action arose from the defendant's transaction of business in Connecticut, courts do not utilize a rigid formula but rather "balance consideration of public policy, common sense chronology and geography of the relative factors." Zartolasv. Neisenfeld, supra at 477. Jurisdiction under the statute exists only if the business that gives rise to the plaintiff's cause of action was transacted in Connecticut.Cooper v. Woodbridge Associates, 6 Conn. L. Rptr. 415, 417 (1992) (Hodgson, J.).
Under New York law, there must be "articulable nexus between the business transacted and the cause of action sued upon" in order to establish jurisdiction and there must be "a substantial relationship to the transaction out of which the instant cause of action arose". McGowen v. Smith52 N.Y.2d 268, [52 N.Y.2d 268], 437 N.Y.S.2d 643, 419 N.E. 2nd 321, 323 (1981). "The participation in recreational activities outside of the state, but advertised and contracted for within the state, bears `to remote a relationship to the advertising and the contractual activity claimed to be the transaction of business in the state to warrant a conclusion that the injuries arose from the instate activity". Pellegrino v.CT Page 12444Stratton Corp, 670 F. Sup. 1164, 1172 (N.D.N.Y. 1988). But see, Tatro v. Manor Care Inc., 416 Mass. 763, 625 N.E.2d 549
(1994) (purposeful "solicitation of business from residents of the commonwealth . . . well suffice to satisfy" the transacting business requirement).
In the present case, the cause of action alleged by the plaintiff arises out of alleged negligence in the State of New Jersey and does not arise out of the activities of the defendant in the State of Connecticut.
Accordingly, the Motion to Dismiss is hereby granted.