■ HARDY LEBEL, Appellant, v EDGAR TELLO, Respondent. [707 NYS2d 426] —Order, Supreme Court, New York County (Leland DeGrasse, J.), entered on or about October 1, 1999, which granted defendant's motion for an order dismissing the complaint for lack of jurisdiction, unanimously reversed, on the law, without costs, the motion denied, and the complaint reinstated.

Defendant, a California resident, sought to purchase a Republic RC-3 SeaBee aircraft that was located in Brookhaven, New York. To this end, he contracted with plaintiff, who appears to maintain residences in both New York and Rhode Island, to inspect the plane, determine if it was airworthy, and ferry the plane to the Westchester County Airport. It was also agreed that plaintiff would provide defendant with 25 hours of flight instruction, which would include a cross-country flight to California, where the plane would ultimately be stationed.

Thereafter, defendant came to New York to commence the flight to California, staying at the apartment of plaintiff's girlfriend. Over the next three days, before the parties could begin the trip, defendant received flight instruction both on the ground and in the air, and reviewed the flight plans with plaintiff. A few days after the cross-country trip began, the aircraft crashed on takeoff in Santa Fe, New Mexico, with defendant at the controls. This action, asserting claims of negligence, ensued.

Defendant moved to dismiss the complaint for lack of personal jurisdiction. Supreme Court granted the motion. This was error.

CPLR 302 (a) (1) provides that a court may exercise personal jurisdiction over a non-domiciliary who, in person or through

an agent, transacts any business within the State, provided that the cause of action arises out of the transaction of business. The statutory test for transaction of business within the State "may be satisfied by a showing of * * * purposeful acts performed by the [defendant] in this State in relation to the contract, albeit preliminary or subsequent to its execution" (*Longines-Wittnauer Watch Co, v Barnes & Reinecke*, 15 NY2d 443, 457, *cert denied* 382 US 905). Although the statute is typically invoked in cases involving contractual liability, it also has application in tort actions (*supra,* at 466).

Here, defendant's significant and purposeful acts in New York with regard to the transaction at issue were sufficient to confer jurisdiction under the statute (*see, supra,* at 467; *Lupton Assocs. v Northeast Plastics*, 105 AD2d 3). Moreover, although the accident occurred in Santa Fe, it plainly arose out of the transaction of business in New York since there was a clearly articulable nexus between the accident and the transactions in New York (*McGowan v Smith*, 52 NY2d 268, 272). Accordingly, personal jurisdiction over defendant was acquired. Concur—Sullivan, P. J., Mazzarelli, Ellerin, Lerner and Friedman, JJ.