■ MELVILLE WRIGHT et al., Respondents, v 299 UNION AVENUE CORPORATION et al., Defendants, and BUQUEBUS LOS CIPRESES, S.A., Appellant. [733 NYS2d 223] —In an action to recover damages for personal injuries, etc., the defendant Buquebus Los Cipreses, S.A., appeals, as limited by its brief, from so much of an order of the Supreme Court, Westchester County (Coppola, J.), entered November 3, 2000, as denied its motion to dismiss the complaint insofar as asserted against it for lack of jurisdiction.

Ordered that the order is affirmed insofar as appealed from, with costs.

The defendant Buquebus Los Cipreses, S.A. (hereinafter Buquebus) is a corporation organized under the laws of Uruguay with offices located there and in Argentina. In 1997 it entered into a contract with Robert E. Derecktor, Inc. (hereinafter Derecktor), to construct a passenger ferry at Derecktor's shipyard in Mamaroneck. The plaintiff Melville Wright, a welder employed by Derecktor, was allegedly injured while working on the ferry when the scaffolding collapsed. The plaintiffs commenced this action against, among others, Buquebus, in which they asserted causes of action under the Labor Law. Buquebus moved to dismiss the complaint on the ground that it was improperly served pursuant to Business Corporation Law § 307 (a). The Supreme Court properly denied the motion.

Business Corporation Law § 307 (a) provides for service upon a foreign corporation not authorized to do business in New York, which is amenable to the court's jurisdiction, by delivery of process to the Secretary of State along with certain other requirements. We disagree with the contention by Buquebus that the service provisions of that statute may be employed only where the corporation is subject to jurisdiction under CPLR 301, that is, where the corporation meets the traditional "doing business" test (*see, Laufer v Ostrow,* 55 NY2d 305, 312-313; *McGowan v Smith,* 52 NY2d 268, 272-273). Rather, we conclude that Business Corporation Law § 307 (a) may be employed where the foreign corporation is subject to the court's long-arm jurisdiction under CPLR 302 (a) (1). The plain language of Business Corporation Law § 307 (a) makes it applicable "[i]n any case in which a non-domiciliary would be subject to the personal or other jurisdiction of the courts of this state under [CPLR] article three" (*see, Lumbermens Mut. Cas.*

*Co. v Borden Co.,* 268 F Supp 303). Contrary to Buquebus's contention, the decision in *Flick v Stewart-Warner Corp.* (76 NY2d 50), does not require a different result as it did not address the issue raised in the instant case.

We further conclude that the plaintiffs met their burden of establishing prima facie that Buquebus is subject to the court's long-arm jurisdiction under CPLR 302 (a) (1) (*see, Brandt v Toraby,* 273 AD2d 429). CPLR 302 (a) (1) is "a 'single act statute' and proof of one transaction in New York is sufficient to invoke jurisdiction, even though the defendant never enters New York, so long as the defendant's activities here were purposeful and there is a substantial relationship between the transaction and the claim asserted" (*Kreutter v McFadden Oil Corp.,* 71 NY2d 460, 467).

The contract between Derecktor and Buquebus established that Buquebus engaged in purposeful activities in New York, as the contract was deemed to have been executed in New York, the parties agreed to resolve disputes according to New York law, Buquebus provided component parts for the ferry to Derecktor, it agreed to accept delivery in New York, and it sent employees to the shipyard to approve change orders. Furthermore, there was an articulable nexus between the business transacted and the plaintiffs' cause of action (*see, Lebel v Tello,* 272 AD2d 103).

Finally, the documentary evidence submitted by the plaintiffs established that they complied with the service requirements of Business Corporation Law § 307 (a) (*see, Flick v Stewart-Warner Corp., supra*). O'Brien, J. P., Altman, Goldstein and H. Miller, JJ., concur.