**PEARSON EDUCATION, INC., John Wiley & Sons, Inc., Thomson Learning, Inc., and the McGraw–Hill Companies, Inc., Plaintiffs,**

v.

**Yi SHI d/b/a Collegesolutions.tripod.com d/b/a Economical Books d/b/a Cheapest Books d/b/a Central Books and John Doe Nos. 2–5, Defendants.**

No. 06 CV 11504(VM).

United States District Court,
S.D. New York.

Dec. 11, 2007.

William Irvin Dunnegan, Perkins & Dunnegan, Megan Leigh Martin, New York City, for Plaintiffs.

Richard Allen Altman, Richard A. Altman, New York City, for Defendants.

### DECISION AND ORDER

VICTOR MARRERO, District Judge.

Plaintiffs Pearson Education, Inc., Thomson Learning, Inc., John Wiley & Sons, Inc. and The McGraw–Hill Companies, Inc. § collectively, ("Plaintiffs") brought this action against defendant Yi Shi ("Yi Shi"), a resident of Missouri, doing business under several names, and defendants John Doe Nos. 2–5, associates of Yi Shi, (collectively, "Defendants"). Plaintiffs allege that Defendants violated the Copyright Act, 17 U.S.C. § 101 *et seq.* (the "Copyright Act"), the Lanham Act, 15 U.S.C. § 1051 *et seq.* (the "Lanham Act"), and New York State unfair competition law. Yi Shi moves to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(2) ("Rule 12(b)(2)") for lack of personal jurisdiction. For the rea-

sons stated below, Yi Shi's motion is DE-NIED.

## I. *BACKGROUND*[1]

Plaintiffs are United States publishers of a variety of works, including educational textbooks and instructors' solutions manuals. Plaintiffs hold the registered copyright and exclusive rights of reproduction for each work that they distribute, and are the exclusive licensees of the various trademarked corporate symbols stamped on their works to distinguish them from other brands.

Plaintiffs create several versions of each textbook, including a high-quality United States version, which typically includes supplementary computer discs, study guides, and other materials; and at least one cheaper, lower-quality foreign edition, visually distinguishable from the United States version and typically lacking the supplemental materials. Plaintiffs print the foreign editions overseas, which are generally marked by a legend indicating their lower prices and prohibitions on their distribution outside particular geographic areas. Plaintiffs also produce and distribute instructors' solution manuals for each textbook title.

Plaintiffs allege that Defendants, without permission, (1) purchased foreign editions of Plaintiffs' textbooks manufactured outside of the United States and resold them to purchasers in the United States, and (2) reproduced and sold electronic copies of Plaintiffs' instructors' solution manuals, through online sales at www.collegesolutions.tripod.com and www.abebooks. com, under the usernames Economical Books, Cheapest Books, Central Books, and Book Deals. Plaintiffs also claim that in connection with these sales, Defendants used counterfeits of Plaintiffs' various trademarks. Plaintiffs contend that Defendants transacted nineteen sales of copyrighted works with purchasers in New York.

Yi Shi argues that most of the works that Plaintiffs allege were sold to purchasers in New York over the Internet were not copyrighted works but compilations of students' homework assignments, which Yi Shi compiled, scanned, and sold in Portable Document Format ("PDF") transmitted by way of hyperlink, and, although one of those works was a physical textbook, Yi Shi claims that he did not send, mail or deliver it into New York. (*See* Reply Declaration of Yi Shi, dated November 16, 2007 ("Reply Decl."), ¶¶ 2–5.)

## II. *DISCUSSION*

### A. *STANDARD OF REVIEW*

■ "On a Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of showing that the court has jurisdiction over the defendant." *Metropolitan Life Ins. Co. v. Robertson–Ceco Corp.*, 84 F.3d 560, 566 (2d Cir.1996) (*citing Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 507 (2d Cir.1994)). "[P]rior to discovery, a plaintiff challenged by a jurisdiction testing motion may defeat the motion by pleading in good faith ... legally sufficient allegations

---

**1.** The following facts are taken from Plaintiffs' submissions, including the Amended Complaint, dated January 30, 2007 ("Am. Compl."), Declaration of William Dunnegan in Support of Plaintiffs' Application for an Order Authorizing the Issuance of Subpoenas to Determine the Identity of Defendants, dated November 2, 2006 ("Dunnegan Decl."),

Memorandum of Plaintiffs in Opposition of Defendant's Motion to Dismiss for Lack of Personal Jurisdiction, dated November 9, 2007, and Declaration of Laura Scileppi in Opposition to Defendant's Motion to Dismiss for Lack of Personal Jurisdiction, dated November 9, 2007 ("Scileppi Decl.").

of jurisdiction, *i.e.*, by making a prima facie showing of jurisdiction." *Jazini v. Nissan Motor Co.*, 148 F.3d 181, 184 (2d Cir.1998) (citations and quotation marks omitted). In reviewing a motion to dismiss for lack of personal jurisdiction, "all allegations are construed in the light most favorable to the plaintiff and doubts are resolved in the plaintiff's favor, notwithstanding a controverting presentation by the moving party." *See A.I. Trade Fin., Inc. v. Petra Bank*, 989 F.2d 76, 79–80 (2d Cir.1993) (citations omitted).

## B. *PERSONAL JURISDICTION*

█ Plaintiffs' claims arise out of nineteen alleged Internet sales by Defendants of Plaintiffs' copyrighted and trademarked materials to residents of New York. Yi Shi argues that the court lacks personal jurisdiction because Plaintiffs have not established sufficient contacts by Defendants with New York to justify the Court's exercise of long-arm jurisdiction over Yi Shi.

█ As a threshold matter, "[i]n a federal question case, where the defendant resides outside the forum state, federal courts apply the forum state's personal jurisdiction rules if the applicable federal statute does not provide for national service of process." *Sunward Elecs., Inc. v. McDonald*, 362 F.3d 17, 22 (2d Cir.2004) (citation omitted). Because the Lanham Act and Copyright Act do not provide for national service of process, New York's long-arm statute, New York Civil Practice Law and Rules ("CPLR") § 302(a) (1), governs the instant action. *See id.; Fort Knox Music Inc. v. Baptiste*, 203 F.3d 193, 196 (2d Cir.2000).

### 1. *CPLR § 302(a)(1)*

Under CPLR § 302(a)(1), "a court may exercise personal jurisdiction over any non-domiciliary [defendant]" if that defendant "transacts any business within the

state or contracts anywhere to supply goods or services in the state." N.Y. C.P.L.R. § 302(a) (2006). The statute authorizes personal jurisdiction over a non-domiciliary only when the "cause of action aris[es] from" the "[a]cts which are the basis of jurisdiction." *Id.*

█ To establish personal jurisdiction under this provision, the plaintiff must demonstrate that the defendant engaged in a purposeful business transaction in or directed to New York and that such contacts with the state had a "substantial relationship" to the claim asserted in the underlying litigation. *Sole Resort, S.A. de C.V. v. Allure Resorts Mgmt., LLC*, 450 F.3d 100, 103 (2d Cir.2006) ("To establish personal jurisdiction under section 302(a) (1), two requirements must be met: (1) The defendant must have transacted business within the state; and (2) the claim asserted must arise from that business activity.") (*citing McGowan v. Smith*, 52 N.Y.2d 268, 437 N.Y.S.2d 643, 419 N.E.2d 321, 323 (1981)).

█ CPLR § 302(a)(1) is a "single act" statute, under which "proof of one transaction in New York is sufficient to invoke jurisdiction, even though the defendant never enters New York, so long as the defendant's activities here were purposeful and there is a substantial relationship between the transaction and the claim asserted." *Kreutter v. McFadden Oil Corp.*, 71 N.Y.2d 460, 527 N.Y.S.2d 195, 522 N.E.2d 40, 43 (1988) (citations omitted); *see also Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez*, 171 F.3d 779, 787 (2d Cir.1999) (finding jurisdiction based on a single transaction where defendant was not physically present in state). Jurisdiction may also be founded on the totality of the defendant's conduct rather than any single act. *See, e.g., CutCo Indus., Inc. v. Naughton*, 806 F.2d 361, 365 (2d Cir.1986) ("No single event or contact

connecting defendant to the forum state need be demonstrated; rather, the totality of all defendant's contacts with the forum state must indicate that the exercise of jurisdiction would be proper.") (citations omitted).

■■■ In the instant case, the sales into New York allegedly engaged in by Defendants occurred via the Internet. Simply maintaining a web site in a distant state that residents of New York visit does not, by itself, subject a defendant to jurisdiction in New York. *See, e.g., Bensusan Rest. Corp. v. King*, 126 F.3d 25 (2d Cir. 1997). However, one who makes sales to New York customers through an interactive web site may be subject to the jurisdiction of courts in this state. *See, e.g., National Football League v. Miller*, No. 99 Civ. 11846, 2000 WL 335566, at *1 (S.D.N.Y. March 30, 2000) (citations omitted).

Personal jurisdiction has been found when out-of-state defendants allegedly have sold copyright-infringing merchandise over the Internet to customers in New York. *See Rubin v. City of New York*, No. 06 Civ. 6524, 2007 WL 950088, at *2 (S.D.N.Y. Mar. 29, 2007) (finding "an 'articulable nexus' between [plaintiff's] request for declaratory relief, [defendants'] counterclaim for trademark infringement, and [plaintiff's] online Internet business because [plaintiff] transacted business with New York residents over an 'active' web site where customers from New York purchased allegedly infringing merchandise"); *New Angle Pet Prods. v. MacWillie's Golf Prods.*, No. 06 Civ. 1171, 2007 WL 1871345, at *2–3 (E.D.N.Y. June 28, 2007) (finding jurisdiction premised on sales into New York of allegedly copyright-infringing products, including two Internet sales to New York residents through an interactive web site with national reach and advertising); *but see Mattel, Inc. v. Anderson*, No.

04 Civ. 5275, 2005 WL 1690528, at *2 (S.D.N.Y. July 18, 2005) (holding that defendant was not subject to personal jurisdiction in New York where defendant's only contact with New York was arranged by plaintiff through a sale to plaintiff's private investigator).

Yi Shi, relying primarily on *ISI Brands, Inc. v. KCC Int'l, Inc.*, 458 F.Supp.2d 81 (E.D.N.Y.2006), argues that Plaintiffs' allegations are insufficient to establish jurisdiction. In that case, the court declined to extend jurisdiction under CPLR § 302(a)(1) over defendant, a Florida corporation, who allegedly transacted and solicited business over the Internet within New York. However, in that case, the plaintiff had not alleged at the time the case was filed that the defendant had actually consummated any sales with New York customers; the plaintiff had only alleged that the defendant's web site would have permitted such sales. The court noted that the plaintiff later claimed that the defendant shipped two orders to New York residents, but those orders were made after the filing of the action and solely for the purpose of the litigation. That is not the case in the action before the Court. Here, Plaintiffs allege that prior to their filing of this action, Defendants sold nineteen "books copyrighted" to residents of New York through the web sites mentioned above. (Scileppi Decl. ¶¶ 7–10.)

Yi Shi also argues, relying on *Bensuan*, that the out-of-state use of Internet hyperlinks cannot provide a basis for personal jurisdiction in New York. However, *Bensuan* is distinguishable because that case did not involve Internet sales. In *Bensuan*, a New York club sued a similarly-named Missouri club for trademark infringement when the Missouri club's web site included a hyperlink to the New York club's web site with a disclaimer of affiliation intended to redirect confused brow-

sers. The court found that the out-of-state use of a hyperlink to redirect Internet viewers did not create sufficient contacts with New York for personal jurisdiction purposes. *See Bensusan,* 126 F.3d 25. Here, Defendants are not accused of redirecting Internet traffic through hyperlinks. Rather, Plaintiffs claim that Defendants sold products to New York customers through an interactive web site.

Although Yi Shi argues that most of the works that Plaintiffs allege were sold on the Internet into New York were not copyrighted works but compilations of students' homework assignments, which Yi Shi compiled, scanned, and sold in PDF, Plaintiffs are "required to make only a prima facie showing that [Yi Shi] is amenable to personal jurisdiction in New York" to survive a motion to dismiss, and all "doubts are resolved in [Plaintiffs'] favor." *A.I. Trade,* 989 F.2d at 79–80 (citations omitted). Here, Plaintiffs' allegations that Defendants consummated multiple sales of their copyrighted books with New York customers through the Internet constitute an adequate showing of Defendants' purposeful contacts with New York. In addition, there is a substantial relationship between the transactions occurring within the state and the cause of action sued upon because the alleged copyrighted books were sold over Defendants' web sites to purchasers in New York. *See New Angle,* 2007 WL 1871345, at \*2. Accordingly, the Court finds sufficient ground to exercise personal jurisdiction over Defendants pursuant to CPLR § 302(a)(1).

### 2. *Due Process*

In addition to demonstrating jurisdiction under New York law, Plaintiffs must also show that the exercise of jurisdiction comports with federal due process standards. *See Bank Brussels,* 305 F.3d at 127. "The due process clause of the Fourteenth Amendment permits a state to exercise personal jurisdiction over a non-domiciliary with whom it has certain minimum contacts ... such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Id.* (citations and internal quotation marks omitted).

Minimum contacts exist where the defendant "purposefully availed itself" of the privilege of doing business in the forum state and could "reasonably anticipate being haled into court there." *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 474–75, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985). In determining whether the assertion of personal jurisdiction comports with "traditional notions of fair play and substantial justice," the Court considers whether extending jurisdiction "is reasonable under the circumstances of the particular case." *Metropolitan,* 84 F.3d at 560, 567 (*citing International Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95, (1945)). For this inquiry, the Court considers "(1) the burden that the exercise of jurisdiction will impose on the defendant; (2) the interests of the forum state in adjudicating the case; (3) the plaintiff's interest in obtaining convenient and effective relief; (4) the interstate judicial system's interest in obtaining the most efficient resolution of the controversy; and (5) the shared interest of the states in furthering substantive social policies." *Id.* (*citing Asahi Metal Indus. Co. v. Superior Court,* 480 U.S. 102, 113–14, 107 S.Ct. 1026, 94 L.Ed.2d 92 (1987)).

In the instant case, the Court is persuaded that Defendants have the requisite "minimal contacts" with New York and that requiring them to litigate this action in New York would not offend "our traditional conception of fair play and substantial justice." *International Shoe,* 326 U.S. at 320, 66 S.Ct. 154. The Court finds that

Defendants' contacts with New York, *i.e.*, the alleged sale of nineteen copyrighted books and/or electronic files of the same works into New York, are sufficient to constitute a transaction of business. Because of those transactions, from which they presumably derived some business benefit, Defendants purposely availed themselves "of the privilege of conducting activities within the [New York]," and "should reasonably anticipate being haled into court" in New York in connection with such sales. *Burger King*, 471 U.S. at 474–75, 105 S.Ct. 2174 (citation and quotation marks omitted). Defendants have presented no compelling reasons why this Court's asserting jurisdiction over them would be otherwise unreasonable under the considerations set forth in *Asahi*, 480 U.S. at 113–14, 107 S.Ct. 1026. Thus, in considering those factors, the Court is persuaded that asserting jurisdiction over Defendants in this case would not be particularly burdensome or unreasonable. Accordingly, the Court concludes that the United States Constitution's due process requirements for asserting personal jurisdiction over Defendants are satisfied.

## III. *ORDER*

For the reasons stated above, it is hereby

**ORDERED** that the motion of defendant Yi Shi, d/b/a collegesolutions.tripod.com, d/b/a Economical Books, d/b/a Cheapest Books, d/b/a Central Books, to dismiss this action [Docket No. 17] for lack of personal jurisdiction is **DENIED**.

**SO ORDERED.**