Helen O'KEEFE, Plaintiff,

v.

**BLUE & GOLD FLEET, L.P., Defendant.**

### No. 08–CV–3937 (ADS)(AKT).

United States District Court, E.D. New York.

July 6, 2009.

John Ray & Associates, by John Ray, Esq., of Counsel, Miller Place, NY, for Plaintiff.

Lyons & Flood, LLP, by Edward Philip Flood, Esq., of Counsel, New York, NY, for Defendant.

## MEMORANDUM OF DECISION AND ORDER

SPATT, District Judge.

On September 26, 2008, Helen O'Keefe ("the Plaintiff") commenced this lawsuit against Blue & Gold Fleet, L.P. ("the Defendant"), to recover monetary damages for injuries she allegedly sustained aboard a ferry owned and operated by the Defendant in San Francisco, California. Pres-

ently before the Court is the Defendant's FED.R.CIV.P. 12(b)(2) motion to dismiss the complaint for lack of personal jurisdiction.

## I. BACKGROUND

The material facts of this case are straightforward and undisputed. The Defendant is a Delaware corporation that owns and operates ferry boats which transport passengers to various locations in the San Francisco Bay Area. The Defendant maintains a website that advertises the company's services and permits visitors to purchase tickets online. The Plaintiff is a New York resident. On October 15, 2005, while vacationing in the Bay Area, the Plaintiff and her daughter purchased tickets to take one of the Defendant's ferries to Alcatraz Island.

As she was disembarking the ferry, the Plaintiff tripped over the legs of a bicycle rack that was fastened to the ferry's deck, fracturing her hip. The Plaintiff alleges that the Defendant is liable for her injuries under various negligence theories. The Defendant counters that the Plaintiff's complaint must be dismissed for want of personal jurisdiction.

## II. DISCUSSION

### A. Legal Standard—Personal Jurisdiction

On a motion to dismiss for lack of personal jurisdiction "a plaintiff must make a prima facie showing that jurisdiction exists." *Thomas v. Ashcroft*, 470 F.3d 491, 495 (2d Cir.2006). Nevertheless, the Court must construe all allegations in the light most favorable to the plaintiff, and the plaintiff need only plead good faith allegations of fact that, if credited, would support jurisdiction over the defendant. *Whitaker v. Am. Telecasting, Inc.*, 261 F.3d 196, 208 (2d Cir.2001). Ultimately, "[t]he breadth of a federal court's personal jurisdiction is determined by the law of the state in which the district court is located."

*Thomas*, 470 F.3d at 495 (citing *Henderson v. INS*, 157 F.3d 106, 123 (2d Cir.1998)).

■ Here, the Court must look to New York's long-arm statute, N.Y. CPLR 302(a), to determine whether the Defendant, a non-domiciliary, is subject to personal jurisdiction in New York. *Whitaker*, 261 F.3d at 209 (quoting *Bensusan Rest. Corp. v. King*, 126 F.3d 25, 27 (2d Cir. 1997)). "If the exercise of jurisdiction is appropriate under [New York's long-arm statute], the court must decide whether such exercise comports with the requisites of due process." *Bensusan Rest. Corp.*, 126 F.3d at 27. However, a court need not engage in the constitutional analysis where the plaintiff fails to show that the long-arm statute provides a basis for asserting jurisdiction over the defendant. *See Best Van Lines, Inc. v. Walker*, 490 F.3d 239, 244 (2d Cir.2007) (noting that where jurisdiction is improper under the long-arm statute, the Court need not engage in the Due Process analysis).

### B. Whether the Court Has Jurisdiction Under N.Y. CPLR 302(a)

■ New York's long-arm statute provides that:

As to a cause of action arising from any of the acts enumerated in this section, a court may exercise personal jurisdiction over any non-domiciliary, or his executor or administrator, who in person or through an agent:

1. transacts any business within the state or contracts anywhere to supply goods or services in the state; or

2. commits a tortious act within the state, except as to a cause of action for defamation of character arising from the act; or

3. commits a tortious act without the state causing injury to person or property within the state, except as to a cause

of action for defamation of character arising from the act, if he

(i) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or

(ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce; or

4. owns, uses or possesses any real property situated within the state.

N.Y. CPLR 302(a). Here, there is no allegation that the Defendant owns, uses, or possesses real property in New York so that personal jurisdiction would be proper under 302(a)(4). 302(a)(2) is equally unavailing because the alleged tortious conduct was committed in California not New York.

Likewise, 302(a)(3) does not provide a basis for personal jurisdiction because "[f]or long-arm purposes, an injury occurs at the location of the original events that caused the injury, not the location where the resultant damages are felt by plaintiff." *Vista Food Exchange, Inc. v. Joyce Foods, Inc.*, 1996 WL 122419, at *3 (S.D.N.Y. Mar. 20, 1996). As noted above, although the Plaintiff is a New York resident, her injuries were sustained—and the resultant damages were felt—in California. *See McGowan v. Smith*, 52 N.Y.2d 268, 273–74, 437 N.Y.S.2d 643, 419 N.E.2d 321 (1981) (holding in the negligence context that, for the purposes of 302(a)(3), the situs of the injury is the state where the injury occurred). Even if the Plaintiff could show that the alleged negligence caused injury to her in New York, the Plaintiff has failed to demonstrate that the Defendant derives substantial revenue from New York, solicits business within the state, or that the Defendant would reasonably expect its ferry services would have consequences in the state. The ques-

tion for the Court, then, is whether 302(a)(1) provides a basis for personal jurisdiction.

### 1. 302(a)(1)

To determine whether jurisdiction is proper under section 302(a)(1), a court must analyze (1) "whether the defendant 'transacts any business' in New York and, if so, (2) whether this cause of action 'aris[es] from' such a business transaction." *Best Van Lines*, 490 F.3d at 246. With respect to the first prong of 302(a)(1), "New York courts define 'transact[ing] business' as purposeful activity—some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Id.* (citing *McKee Elec. Co. v. Rauland-Borg Corp.*, 20 N.Y.2d 377, 382, 229 N.E.2d 604, 607, 283 N.Y.S.2d 34, 37–38 (1967)) (internal quotation marks omitted). Here, the Plaintiff contends that the Defendant is subject to personal jurisdiction in New York because the company maintains a website that is accessible by New York residents.

██ The Second Circuit has not directly confronted the issue of whether simply maintaining a website that is accessible in New York is sufficient to support personal jurisdiction. However, district courts addressing the issue have been reluctant to find personal jurisdiction in such cases unless the defendant, through its website or other commercial activity, has some additional connection to New York. *See ISI Brands, Inc. v. KCC Intern., Inc.*, 458 F.Supp.2d 81, 87–88 (E.D.N.Y.2006) (noting that "[e]ven the existence of an interactive 'patently commercial' website that can be accessed by New York residents is not sufficient to justify the exercise of personal jurisdiction unless some degree of commercial activity occurred in New

York."); *Savage Universal Corp. v. Grazier Constr., Inc.,* 2004 WL 1824102, at *9 (S.D.N.Y. Aug. 13, 2004) ("It stretches the meaning of 'transacting business' to subject defendants to personal jurisdiction in any state merely for operating a website, however commercial in nature, that is capable of reaching customers in that state, without some evidence or allegation that commercial activity in that state actually occurred."); *Rosenberg v. PK Graphics,* 2004 WL 1057621, at *1 (S.D.N.Y. May 10, 2004) ("While some courts have held that a highly interactive website may give rise to personal jurisdiction where otherwise there would have been none ... in all such cases ... the plaintiff first established some further contact with the forum state.").

Here, the Plaintiff does not allege that the Defendant purposefully solicits New York customers or that its website is in any way targeted towards New York. Indeed, the Plaintiff offers no evidence of in-forum ticket sales. Under the circumstances, the bare allegation that the Defendant operates a website that may reach New Yorkers is insufficient to trigger the application of 302(a)(1). *See Chloe, Div. of Richemont North America, Inc. v. Queen Bee of Beverly Hills, LLC,* 571 F.Supp.2d 518, 528 (S.D.N.Y.2008) (collecting cases and observing that courts have exercised personal jurisdiction based upon a defendant's website only in cases where the defendant had other relevant forum contacts). Having found that jurisdiction is statutorily impermissible, the Court need not reach the question of whether exercising personal jurisdiction in this case would comport with the Due Process Clause. *Best Van Lines, Inc.,* 490 F.3d at 244.

## C. Whether the Court Has Jurisdiction Under FED.R.CIV.P. 4(k)

The Plaintiff contends that two separate provisions within FED.R.CIV.P. 4(k) provide a basis for asserting personal jurisdiction over the Defendant. The Court finds that neither provision is availing.

### 1. FED.R.CIV.P. 4(k)(1)

Rule 4(k)(1) provides, among other things, that the service of a summons establishes personal jurisdiction over a defendant "who could be subjected to the jurisdiction of a court of general jurisdiction in the state in which the district court is located." The Plaintiff appears to contend that this provision authorizes the Court to exercise personal jurisdiction here because the Defendant was served by summons at its California office. However, as the Court has already discussed, the Defendant is not subject to personal jurisdiction in New York. Accordingly, Rule 4(k)(1) is inapplicable.

### 2. FED.R.CIV.P. 4(k)(2)

Rule 4(k)(2) authorizes a court to exercise personal jurisdiction over a defendant when three requirements are satisfied: "(1) the claim must arise under federal law; (2) the defendant must not be 'subject to jurisdiction in any state's courts of general jurisdiction'; and (3) the exercise of jurisdiction must be 'consistent with the United States Constitution and laws.'" *Porina v. Marward Shipping Co., Ltd.,* 521 F.3d 122, 127 (2d Cir.2008) (quoting Rule 4(k)(2)). Although it appears that exercising personal jurisdiction in this case would not comport with the Due Process Clause, the Court need not engage in a constitutional analysis because it is clear that the Plaintiff cannot meet the second of these three requirements.

The parties acknowledge that the Plaintiff has alleged admiralty and maritime claims within the meaning of FED.R.CIV.P. 9(h). It is well-established that admiralty and maritime claims "arise under federal law" for the purposes of Rule 4(k)(2). *See Porina,* 521 F.3d at 127

(collecting cases). Nevertheless, the Plaintiff does not address the second requirement of Rule 4(k)(2). Here, the Defendant is a Delaware corporation with its principal place of business in California. With reasonable certainty, the Defendant is subject to personal jurisdiction in both of those two states. However, as noted above, Rule 4(k)(2) is only implicated where a plaintiff can show that the defendant is not subject to personal jurisdiction in *any* state. *See Porina*, 521 F.3d at 126 (quoting Rule 4 Advisory Committee's Notes, 1993 Amendments) (noting that the purpose of Rule 4(k)(2) was to " 'correct a gap' in the enforcement of federal law in international cases," where the defendant has no nexus to any particular state). Accordingly, in this case, Rule 4(k)(2) is inapplicable and may not serve as a basis for asserting personal jurisdiction over the Defendant.

### D. Whether the Court Should Transfer Venue

■ The Plaintiff contends that as an alternative to dismissing the complaint, the Court should exercise its discretion to transfer this case to a court of competent jurisdiction. Pursuant to 28 U.S.C. § 1406(a), a Court may, in the interests of justice, cure a venue defect by transferring a case "to any district or division in which it could have been brought." "Courts enjoy considerable discretion in deciding whether to transfer a case in the interest of justice." *Daniel v. American Bd. of Emergency Medicine*, 428 F.3d 408, 435 (2d Cir.2005) (citing *Phillips v. Seiter*, 173 F.3d 609, 610 (7th Cir.1999)). In deciding whether to transfer a case, courts should be mindful that "an expeditious and orderly adjudication of cases and controversies on their merits," is often the preferred course. *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466–67, 82 S.Ct. 913, 916, 8 L.Ed.2d 39 (1962).

■ The parties agree, and it is apparent to the Court, that both personal jurisdiction and venue would be proper in the Northern District of California. The Court believes that transferring the case to that forum would serve the interests of justice. If her case is dismissed, the Plaintiff would not be precluded from filing a complaint elsewhere; however, dismissing the case would compel her to expend a significant amount of time and money to file a complaint in a new forum. In addition, the Defendant would not be prejudiced by a transfer to the Northern District of California in light of the company's substantial connection to the district and the fact that the alleged negligence occurred in San Francisco. Accordingly, pursuant to 28 U.S.C. § 1406(a), the Court exercises its discretion to transfer this case to the Northern District of California.

### III.  CONCLUSION

Based on the foregoing, it is hereby

**ORDERED,** that the Defendant's motion to dismiss the complaint for lack of personal jurisdiction is **GRANTED,** and it is further

**ORDERED,** that the Plaintiff's motion to transfer venue to the Northern District of California is granted, and it is further

**ORDERED,** that the Clerk of the Court is directed to close this case.

**SO ORDERED.**