■ MARY STEVENSON-MISISCHIA, Appellant, v L'ISOLA D'ORO SRL et al., Respondents, et al., Defendants. [881 NYS2d 299]—

Order, Supreme Court, New York County (Leland G. De-Grasse, J.), entered August 7, 2007, which granted the motion of defendants L'Isola D'Oro SRL, Sud Pesca SPA and L'Isola D'Oro USA to dismiss the complaint against them for lack of personal jurisdiction, unanimously affirmed, without costs.

Contrary to plaintiff's claim, personal jurisdiction was not obtained over defendant L'Isola D'Oro USA by service under Business Corporation Law § 307. The record does not support a finding that defendant Casamento was acting as a managing or general agent for this New Jersey corporation at the time he was served, or that he was ever authorized by appointment or by law to receive service on its behalf (*see Low v Bayerische Motoren Werke, AG.*, 88 AD2d 504 [1982]).

The action was also properly dismissed against the Italian defendants, L'Isola D'Oro SRL and Sud Pesca SPA, for failure to show they had any business connections with New York or transacted any business here in any manner related to the allegedly tortious conduct (CPLR 301, 302; *see Landoil Resources Corp. v Alexander & Alexander Servs.*, 77 NY2d 28 [1990]; *McGowan v Smith*, 52 NY2d 268 [1981]). Concur—Andrias, J.P., Saxe, Sweeny, Nardelli and Freedman, JJ.

■ LUIS G. et al., Respondents, v CHRIS LIMINIATIS et al., Appellants. [881 NYS2d 300]—An appeal having been taken to this Court by the above-named appellant from an order of the Supreme Court, New York County (Deborah A. Kaplan, J.), entered on or about May 27, 2008, and said appeal having been argued by counsel for the respective parties; and due deliberation having been had thereon, and upon the stipulation of the parties hereto dated June 2, 2009, it is unanimously ordered that said appeal be and the same is hereby withdrawn in accordance with the terms of the aforesaid stipulation. Concur—Tom, J.P., Saxe, Sweeny, Acosta and Abdus-Salaam, JJ.