(May 7, 1992)

■ LUCY BATTISTA et al., Individually and as Parents and Natural Guardians of JOHN BATTISTA, an Infant, Appellants, v AMERICAN INSTITUTE FOR MENTAL STUDIES, Respondent, and CITY OF NEW YORK et al., Appellants.—Order, Supreme Court, New York County (Leland DeGrasse, J.), entered January 10, 1991, which, *inter alia,* granted the defendant American Institute for Mental Studies' motion for summary judgment and dismissed the defendants City of New York and New York City Department of Social Services' cross claims against it, unanimously reversed, on the law, the motion for summary judgment is denied and the cross claims are reinstated, without costs.

The plaintiffs instituted this action to recover damages for personal injuries sustained by the severely retarded infant plaintiff, who had been voluntarily placed into foster care with the Commissioner of Social Services of the City of New York. In 1975, the City placed the child with the defendant American Institute for Mental Studies ("AIMS"), at its Vineland, New Jersey facility. The plaintiffs alleged that due to the defendants' failure to supervise the placement of the child and because of their failure to provide adequate and proper medical treatment, the infant plaintiff became blind and suffered other physical injuries. The City cross claimed against AIMS.

AIMS thereafter moved for summary judgment dismissing the complaint on the grounds that it was not subject to New York jurisdiction and was immune from liability under the New Jersey Charitable Immunity Law. The Supreme Court granted the motion, concluding that AIMS did not subject itself to jurisdiction under either CPLR 301. or 302. The motion to dismiss the complaint pursuant to the Charitable Immunity Law was denied as academic. All cross claims by the City against AIMS were dismissed.

Contrary to the conclusion reached by the Supreme Court, we find that AIMS is subject to the jurisdiction of the New York courts. AIMS entered into a contract with the City to care for the infant plaintiff and other children requiring the services provided by the organization. The City paid AIMS approximately $45,000 a year for each child housed at its facility. Pursuant to the contract, AIMS submitted bills for

payment, vouchers for expenditures and reports to the City regarding the care provided each child. AIMS agreed to follow City guidelines for the care of the children and further agreed to report all accidents and injuries suffered by a child to the City. AIMS also employed a New York insurance broker to obtain the insurance required by the contract.

Since AIMS availed itself of the benefits of this jurisdiction, had sufficient minimum contacts here and should have reasonably expected to defend its actions in New York, due process is not offended by subjecting it to the jurisdiction of the New York courts (*International Shoe Co. v Washington,* 326 US 310; *Kreutter v McFadden Oil Corp.,* 71 NY2d 460). It is clear that AIMS' contacts with New York were purposeful and that there was a substantial relationship between its transactions in New York and the claim asserted (CPLR 302 [a] [1]; *Kreutter v McFadden Oil Corp., supra).*

Since the Supreme Court concluded that New York did not have jurisdiction over AIMS, it did not reach AIMS' contention as to the applicability of the New Jersey Charitable Immunity statute. Accordingly, the matter is remitted to the Supreme Court for a determination of this issue.

In light of the foregoing, we do not reach the plaintiffs' remaining contentions. Concur—Murphy, P. J., Sullivan, Rosenberger and Kassal, JJ.