■ R. Patrick McLenithan et al., Individually and as Parents and Guardians of Samantha McLenithan, an Infant, Appellants, v Bennington Community Health Plan et al., Defendants, and Southwestern Vermont Medical Center et al., Respondents. [635 NYS2d 812] —White, J. Appeal from an order of the Supreme Court (Dier, J.), entered November 10, 1994 in Washington County, which, *inter alia*, granted motions by defendants Gregory King, Katherine Uraneck and Southwestern Vermont Medical Center to dismiss the complaint against them for failure to obtain personal jurisdiction.

The principal issue on this appeal is whether Supreme Court properly dismissed plaintiffs' complaint in this medical malpractice action against defendants Southwestern Vermont Medical Center (hereinafter SVMC), Katherine Uraneck, an employee of SVMC, and Gregory King on the ground that personal jurisdiction over them had not been obtained. For the reasons that follow, our findings, in certain respects, differ from those of Supreme Court.

The jurisdictional issue arose in this case because the medical treatment rendered to Samantha McLenithan, an infant and a resident of New York, by these defendants in June 1993 was provided in Vermont. Supreme Court's order reflects its acceptance of the defendants' argument that this circumstance, along with their absence from New York, precluded Supreme Court from assuming jurisdiction.

King argued that, although he is licensed to practice

medicine in New York, he is beyond the reach of the judicial forum because he does not maintain an office in or treat patients in New York, limiting his practice solely to Vermont. Plaintiffs, who have the burden of establishing jurisdiction (*see, Carte v Parkoff*, 152 AD2d 615, 617), contend otherwise, pointing to the fact that King contracted with defendant Capital Area Community Health Plan, Inc. (hereinafter CHP), a New York-based health maintenance organization, to provide medical care and treatment to CHP's subscribers who are mainly residents of New York. In view of this contract, plaintiffs maintain that King has subjected himself to jurisdiction under CPLR 302 (a) (1).

CPLR 302 (a) (1) is a long-arm statute that gives New York personal jurisdiction over a nondomiciliary if the nondomiciliary "transacts business" within the State and there is "an 'articulable nexus between the business transacted and the cause of action sued upon' " (*Cutco Indus. v Naughton*, 806 F2d 361, 365; *see, McGowan v Smith*, 52 NY2d 268, 272). The "transacting business" prerequisite is satisfied if it is shown that the nondomiciliary " 'purposefully avail[ed] itself of the privilege of conducting activities within [New York], thus invoking the benefits and protections of its laws' " (*McKee Elec. Co. v Rauland-Borg Corp.*, 20 NY2d 377, 382, quoting *Hanson v Denckla*, 357 US 235, 253). As a broad generalization, a nondomiciliary who enters New York's service economy pursuant to a contract is more likely to be deemed to be transacting business in New York than is one who performs services out of State for New York residents on a random basis (*compare, Peekskill Community Hosp. v Graphic Media*, 198 AD2d 337, 338; *Battista v American Inst. for Mental Studies*, 183 AD2d 416, 417, *with Mayes v Leipziger*, 674 F2d 178, 183-185; *Weiss v Greenberg, Traurig, Askew, Hoffman, Lipoff, Quentel & Wolff*, 85 AD2d 861).

In this instance, King has clearly interjected himself into New York's service economy via his contract with CHP, which carries with it significant contacts with New York residents and CHP. He nevertheless maintains that he is not subject to jurisdiction as there is no substantial relationship between the CHP contract and plaintiffs' causes of action. We disagree since his treatment of the infant was rendered in accordance with the CHP contract which required him to provide medical services to CHP subscribers. Therefore, in view of this and because King's entry into New York's service economy via the CHP contract was purposeful and significant, we find that he is subject to jurisdiction under CPLR 302 (a) (1). Requiring him to

defend himself in New York will not offend due process because, by actively seeking New York residents as patients, he should have reasonably expected that he would be required to defend his actions here (*see, Kreutter v McFadden Oil Corp.*, 71 NY2d 460, 466).

Aside from the conjectural arguments made by plaintiffs' attorney, there has been no showing of a contract between SVMC and CHP nor is there any evidentiary proof that SVMC or Uraneck purposely interjected themselves into New York's service economy or developed other significant contacts with New York. Consequently, we agree with Supreme Court that these defendants do not fall within the ambit of CPLR 302 (a) (1) even though, due to their proximity to New York, they treat a large number of New York residents (*see, Hermann v Sharon Hosp.*, 135 AD2d 682, 683).

Therefore, we find that as to SVMC and Uraneck, Supreme Court properly granted their motion to dismiss.

Cardona, P. J., Crew III and Peters, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as granted defendant Gregory King's motion to dismiss the complaint against him; said motion denied; and, as so modified, affirmed.