[829 NE2d 1201, 797 NYS2d 33]

Roger Johnson et al., Respondents, v Daniel A. Ward, Appellant.

Argued March 29, 2005; decided May 5, 2005

## POINTS OF COUNSEL

*Stockschlaeder, McDonald & Sules, P.C.,* New York City (*Richard T. Sules* and *Gail S. Karan* of counsel), for appellant. I. The Appellate Division, First Department erred in finding that CPLR 302 (a) (1), New York's long-arm jurisdiction statute, applied against defendant who was no longer a New York resident on the date plaintiff commenced the within action which arose out of an out-of-state automobile accident. More specifically, the Court erred in holding that possession of a New York State driver's license and car registration constitutes the "transact[ion] of business" sufficient to confer in personam jurisdiction. (*McGowan v Smith,* 52 NY2d 268; *Talbot v Johnson Newspaper Corp.,* 71 NY2d 827; *George Reiner & Co. v Schwartz,* 41 NY2d 648; *Roseland v National Transp. Co.,* 52 Misc 2d 921; *Shuba v Greendonner,* 271 NY 189; *American Motorists Ins. Co. v Snyder,* 63 Misc 2d 690.) II. The Appellate Division, First Department erred in relying upon cases which do not apply to the facts of the within case in that they involve business transactions with a commercial, contractual or employment aspect. (*Lancaster v Colonial Motor Frgt. Line,* 177 AD2d 152; *McLenithan v Bennington Community Health Plan,* 223 AD2d 777, 88 NY2d 1017; *Gaboury v Central Vt. Ry. Co.,* 250 NY 233; *Kreutter v McFadden Oil Corp.,* 71 NY2d 460; *George Reiner & Co. v Schwartz,* 41 NY2d 648; *Talbot v Johnson Newspaper Corp.,* 71 NY2d 827; *McGowan v Smith,* 52 NY2d 268.) III. The lower court correctly found that defendant-appellant was not subject to personal jurisdiction pursuant to CPLR 302, and properly granted defendant-appellant's motion dismissing plaintiffs-respondents' complaint. (*Keane v Kamin,* 94 NY2d 263; *Purification v Kindler,* 253 AD2d 869, 92 NY2d 818; *Agra Chem. Distrib. Co., Inc. v Marion Labs., Inc.,* 523 F Supp 699.)

*Pops & Associates,* New York City (*Daniel W. Coffey* and *Paul R. Pops* of counsel), for respondents. I. The Appellate Division, First Department held correctly that defendant-appellant was subject to personal jurisdiction pursuant to CPLR 302 (a) (1). (*Kreutter v McFadden Oil Corp.,* 71 NY2d 460; *LaMarca v Pak-Mor Mfg. Co.,* 95 NY2d 210; *Parke-Bernet Galleries v Franklyn,* 26 NY2d 13; *Murdock v Arenson Intl. USA,* 157 AD2d 110;

*International Shoe Co. v Washington,* 326 US 310; *Citibank v Intercontinental Bank,* 169 Misc 2d 342; *World-Wide Volkswagen Corp. v Woodson,* 444 US 286; *Comprehensive Foot Care Group v Lincoln Natl. Life,* 135 Misc 2d 862; *Hanson v Denckla,* 357 US 235; *Lancaster v Colonial Motor Frgt. Line,* 177 AD2d 152.) II. The State of New York retains personal jurisdiction over defendant-appellant through CPLR 302 (a) (1) and the Appellate Division, First Department's decision is supported by Vehicle and Traffic Law § 388 (1). (*Ames v Cross,* 177 AD2d 771; *Aetna Cas. & Sur. Co. v Brice,* 72 AD2d 927; *Farber v Smolack,* 20 NY2d 198.)

### OPINION OF THE COURT

GRAFFEO, J.

In this case, we are asked whether long-arm jurisdiction exists over a nonresident holding a New York driver's license and car registration for a tort claim arising from an out-of-state motor vehicle accident. We conclude that personal jurisdiction does not lie under CPLR 302 (a) (1) because there is an insufficient nexus between plaintiffs' personal injury action and any New York transactions.

On October 12, 1997, plaintiffs Roger Johnson and Monique White allegedly sustained injuries when their vehicle was struck from behind by a car driven by defendant Daniel Ward. Although the accident occurred in New Jersey, all three individuals were New York residents. At that time, defendant possessed a New York driver's license and had registered his vehicle in New York. In December 1997, defendant moved to New Jersey and in 1998 he surrendered his New York license in favor of a New Jersey license.

After these events, plaintiffs commenced this negligence action against defendant in Supreme Court, New York County, in October 2000. Defendant moved to dismiss the complaint for lack of personal jurisdiction pursuant to CPLR 3211 (a) (8). Supreme Court granted the motion and dismissed the complaint, finding no basis for long-arm jurisdiction. Upon reargument, the court adhered to its original determination.

The Appellate Division, with one Justice dissenting, reversed and reinstated the complaint. The majority reasoned that defendant's New York license and vehicle registration satisfied the "transacting business" requirement of CPLR 302 (a) (1) and that a substantial nexus existed between the cause of action and defendant's New York activities inasmuch as plaintiffs'

claim "arose over the operation by a driver licensed in New York of a vehicle registered in New York" (6 AD3d 286, 287 [1st Dept 2004]). In contrast, the dissent determined that defendant's possession of a New York license and vehicle registration did not constitute a transaction of business within the meaning of CPLR 302 (a) (1) because the statute contemplates only commercial or financial activities. Alternatively, the dissent concluded that the New York license and vehicle registration were not "in any way related to this out-of-state accident so as to create the necessary nexus to invoke long-arm jurisdiction" (*id.* at 292). The Appellate Division granted leave to this Court, certifying the following question: "Was the order of this Court, which reversed the order of the Supreme Court, properly made?" We answer in the negative and therefore reverse.

CPLR 302 provides in part:

> "(a) Acts which are the basis of jurisdiction. As to a cause of action arising from any of the acts enumerated in this section, a court may exercise personal jurisdiction over any non-domiciliary . . . who in person or through an agent:
>
> "1. transacts any business within the state or contracts anywhere to supply goods or services in the state."

As relevant in this case, long-arm jurisdiction over a nondomiciliary exists where (i) a defendant transacted business within the state and (ii) the cause of action arose from that transaction of business. If either prong of the statute is not met, jurisdiction cannot be conferred under CPLR 302 (a) (1).

We have recognized that a "substantial relationship" must be established between a defendant's transactions in New York and a plaintiff's cause of action in order to satisfy the nexus requirement of the statute (*Kreutter v McFadden Oil Corp.*, 71 NY2d 460, 467 [1988]). Consequently, we have upheld long-arm jurisdiction over a nondomiciliary where the claim had the requisite nexus to an in-state transaction (*see e.g. George Reiner & Co. v Schwartz*, 41 NY2d 648, 653 [1977] [concluding there was jurisdiction over a Massachusetts resident for breach of an employment contract entered into in New York]; *Singer v Walker*, 15 NY2d 443, 467 [1965] [sustaining jurisdiction because plaintiff's personal injury claim resulting from the use of a defective hammer arose from "the purposeful activities engaged in by [defendant] in this State in connection with the

sale of its products in the New York market"], *cert denied sub nom. Estwing Mfg. Co. v Singer*, 382 US 905 [1965]). On the other hand, we have ruled that jurisdiction is not justified where the relationship between the claim and transaction is too attenuated (*see e.g. Talbot v Johnson Newspaper Corp.*, 71 NY2d 827, 829 [1988] [holding that the nexus between a coach's defamation action and a former student's pursuit of a college degree in New York was insufficient to support jurisdiction]).

Here, we conclude that plaintiffs have failed to establish a sufficient nexus between the purported transactions of business in New York and the negligence claim.* Plaintiffs' cause of action arose out of defendant's allegedly negligent driving in New Jersey, not from the issuance of a New York driver's license or vehicle registration. The relationship between the negligence claim and defendant's possession of a New York license and registration at the time of the accident is too insubstantial to warrant a New York court's exercise of personal jurisdiction over defendant. The negligent driver could have had a license from any state, or no license—that defendant had a New York license and registration is merely coincidental. As such, plaintiffs cannot rely on CPLR 302 (a) (1) to establish long-arm jurisdiction based on the facts of this case.

Accordingly, the order of the Appellate Division should be reversed, with costs, defendant's motion to dismiss the complaint granted and the certified question answered in the negative.

Chief Judge KAYE and Judges G.B. SMITH, CIPARICK, ROSENBLATT, READ and R.S. SMITH concur.

Order reversed, etc.

---

\* In light of this determination, it is unnecessary for us to decide whether defendant's possession of a New York driver's license and vehicle registration qualifies as a transaction of "business" within the meaning of CPLR 302 (a) (1).