Tammy Michaels WEISBERG,
Plaintiff,

v.

Gregory John SMITH, a/k/a David
Roberts, et ano., Defendants.

No. 05 Civ. 7478(LAK).

United States District Court,
S.D. New York.

Feb. 13, 2007.

As Modified Feb. 21, 2007.

Robert Walter Ottinger, Jr., The Ottinger Firm, P.C., Scott Adam Kamber, Kamber & Associates, LLC, New York, NY, for Plaintiff.

Alan Effron, Pelosi, Wolf, Effron & Spates, LLP, New York, NY, for Defendants.

## MEMORANDUM AND ORDER

KAPLAN, District Judge.

Defendant Smith ("Roberts") moves to dismiss the action for lack of personal jurisdiction. Plaintiff claims that the motion is foreclosed by the Court's July 26, 2006 decision, which granted Roberts's motion to dismiss for insufficiency of service of process and lack of personal jurisdiction

only on the former ground without reaching the latter. She argues also that she has made the showing necessary for the exercise of long-arm jurisdiction under N.Y. CPLR § 302(a)(1).

 Plaintiff's first argument is entirely frivolous. It was unnecessary for the Court to reach Roberts's jurisdictional argument in July because the insufficiency of service ruling was sufficient to dispose of the motion. That order did not foreclose Roberts, in the event he were served properly as now has occurred, from contesting personal jurisdiction.

N.Y. CPLR § 302(a)(1) permits the exercise of personal jurisdiction over a non-domiciliary defendant served outside the state where the non-domiciliary transacts business in New York, directly or through an agent, and the claim sued upon arises from that transaction of business. *E.g., Antaeus Enters., Inc. v. SD–Barn Real Estate, LLC,* 396 F.Supp.2d 408, 410 (S.D.N.Y.2005); *Johnson v. Ward,* 4 N.Y.3d 516, 519, 797 N.Y.S.2d 33, 34, 829 N.E.2d 1201 (2005).

In this case, it is undisputed that Roberts is a non-domiciliary served outside the state. There is no claim that he directly transacted business in New York. Rather, the sole contention relating to presence is that his literary agent, Joseph Regal, opened an office here some time after Roberts and plaintiff entered into their contract.

Plaintiff claims that Roberts breached the contract between them by failing to make certain payments that allegedly were called for. The only purported link to New York, however, is the allegation that Regal received money at his New York office on behalf of Roberts and forwarded it to him without paying plaintiff the sums that Roberts allegedly owed her.

I assume that activities by Regal, once he opened his New York office on Roberts's behalf, constituted the transaction of business here by Roberts. Hence, I assume that Regal's receipt and forwarding of monies to Roberts likewise constituted transaction by Roberts of business here. The dispositive question therefore is whether plaintiff's claim arose out of that transaction of business.

 "[A] claim 'arises from' a particular transaction when there is 'some articulable nexus between the business transacted and the cause of action sued upon,'" *Sole Resort, S.A. de C.V. v. Allure Resorts Management, LLC,* 450 F.3d 100, 103 (2d Cir.2006) (quoting *McGowan v. Smith,* 52 N.Y.2d 268, 272, 437 N.Y.S.2d 643, 419 N.E.2d 321 (1981)) (alteration omitted), "or when 'there is a substantial relationship between the transaction and the claim asserted,'" *id.* (quoting *Kreutter v. McFadden Oil Corp.,* 71 N.Y.2d 460, 467, 527 N.Y.S.2d 195, 522 N.E.2d 40 (1988)).

"As many courts have pointed out, determining whether a claim stands in sufficient proximity to the transaction of business in the forum state to permit the forum to exercise jurisdiction over the defendant with respect to the claim is not an exact science. It involves a judgment as to whether the cause of action is sufficiently related to the business transacted that it would not be unfair to deem it to arise out of the transacted business. To determine whether a sufficient nexus exists, a court must evaluate the totality of the circumstances surrounding defendants' activities in New York in connection with the matter giving rise to the lawsuit." *Antaeus Enters.,* 396 F.Supp.2d at 410 (citing *PDK Labs, Inc. v. Friedlander,* 103 F.3d 1105, 1109 (2d Cir.1997)) (quoting *Hoffritz for Cutlery, Inc. v. Amajac, Ltd.,* 763 F.2d 55, 59 (2d Cir.1985)), and citing *Agency Rent A Car Sys., Inc. v. Grand Rent A Car Corp.,* 98 F.3d 25, 31 (2d Cir.1996) (requiring a "substantial nexus" between

the business transacted and plaintiff's cause of action) (internal quotation marks and footnotes omitted).

■ Further, a connection that is "merely coincidental" is insufficient to support jurisdiction. *Sole Resort,* 450 F.3d at 103 (citing *Johnson,* 4 N.Y.3d at 520, 797 N.Y.S.2d 33, 829 N.E.2d 1201).

■ Plaintiff argues that the fact that defendant chooses to have his literary affairs, or at least some of them, conducted on his behalf by Regal, who opened his New York office after Roberts hired him, coupled with the fact that some funds passed through Regal on their way to Roberts, is sufficient to warrant the conclusion that her claim arises from Roberts's transaction of business in New York through Regal. She relies heavily on *Deutsche Bank Securities, Inc. v. Montana Board of Investments,* 7 N.Y.3d 65, 818 N.Y.S.2d 164, 850 N.E.2d 1140 (2006). But the case does not support her argument.

*Deutsche Bank* held only that a Montana defendant who had negotiated a contract for a bond sale with a New York firm by telephone, without setting foot in the state, could be sued in New York for breach of that contract because the claim arose out of its transaction of business here. The issue was whether its telephone communication with the New York bank constituted transaction of business here, not whether the claim arose out of that activity.

Plaintiff notes also that "New York does not require that the acts constituting the alleged breach of contract take place in New York." *Hoffritz for Cutlery, Inc.,* 763 F.2d at 59. But that does not get her all the way home either. In this case, Roberts made his deals with Regal and plaintiff, who is based in California, before Regal had any office in New York. He had no reason to suppose that plaintiff could sue him in New York for breach of their contract. The fact that Regal later opened an office here adds nothing. He could have opened an office and conducted the challenged transactions in any state. That he chose to do so here creates a merely coincidental connection between this action and New York. *See Johnson,* 4 N.Y.3d at 520, 797 N.Y.S.2d at 35, 829 N.E.2d 1201 (no jurisdiction under § 302(a)(1) based on fact that negligent driver had New York license because he "could have had a license from any state, or no license"); *see also Beacon Enters., Inc. v. Menzies,* 715 F.2d 757, 765 (2d Cir.1983) (no jurisdiction in declaratory judgment action under § 302(a)(1) based on fact that defendant shipped goods to New York because "cause of action would exist regardless" of such a connection).

While Regal's receipt and disbursement here of funds on behalf of Roberts adds something to plaintiff's argument, I am left with the conviction that it was insufficiently related to plaintiff's contract with Roberts to justify a conclusion that it would be fair to subject Roberts to suit in New York by plaintiff for breach. Accordingly, I hold that plaintiff's claim does not arise out any transaction by Roberts of business in New York.

The motion of defendant Smith to dismiss the action for lack of jurisdiction over his person is granted. As no other claims or parties remain, the Clerk shall enter final judgment.

SO ORDERED.