## Miranda v Castillo De La Cruz

2024 NY Slip Op 32381(U)

July 11, 2024

Supreme Court, New York County

Docket Number: Index No. 161861/2023

Judge: James G. Clynes

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

| | | | |
|---|---|---|---|
| PRESENT: | **HON. JAMES G. CLYNES** | PART | **22M** |
| | *Justice* | | |

---------------------------------------------------------------------X

MICHELLE MIRANDA, GERONIMUS A. RAMIREZ TAVAREZ

Plaintiff,

- v -

LINDA Y. CASTILLO DE LA CRUZ, NATALIA TROCHE-CASTILLO,

Defendants.

---------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 161861/2023 |
| MOTION DATE | 06/10/2024 |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 8, 9, 10, 11, 12, 13, 14 were read on this motion to/for _____ DISMISSAL _____ .

Upon the foregoing documents, it is ordered that the motion by Defendant Linda Y. Castillo de la Cruz to dismiss Plaintiff's complaint pursuant to CPLR 3211(a) (8) and 308 and to dismiss the cross-claims of the codefendant on the grounds that there is no personal jurisdiction over the defendant is granted without opposition for the reasons that follow.

Plaintiff seeks to recover for injuries allegedly sustained as a result of a motor vehicle accident that occurred on July 15, 2022, on Broad Avenue in Ridgefield, NJ, where a vehicle owned and operated by Linda Y. Castillo (hereafter referred to as "Defendant") came into contact with a vehicle owned and operated by Natalia Troche-Castillo (non-moving defendant), in which Plaintiff was a passenger. Defendant is a resident of the state of New Jersey. The motion is unopposed.

CPLR 308 states that personal service on a natural person may be made "by delivering the summons within the state to the person to be served." CPLR 3211(a) (8) provides for a pre-answer motion to dismiss one or more causes of action when "the court has not jurisdiction of the person of the defendant." (CPLR 3211). On a motion to dismiss, the plaintiff has the burden of presenting sufficient evidence through affidavits and other relevant documents to establish jurisdiction. (*Coast to Coast Energy, Inc. v Gasarch*, 149 A.D.3d 485 [2017]). Plaintiff need only "make a

161861/2023  MIRANDA, MICHELLE ET AL vs. CASTILLO DE LA CRUZ, LINDA Y. ET AL
Motion No. 001

Page 1 of 4

1 of 4

"sufficient start in demonstrating . . . the existence of personal jurisdiction" in responding to defendants' motion," with the court accepting all allegations as true and the moving party given all favorable inferences. (*Bangladesh Bank v. Rizal Commercial Banking Corp.*, 226 A.D.3d 60 [2024]).

Under CPLR 302, New York's long-arm statute, the court can exercise jurisdiction over a non-domiciliary under four circumstances.

> (1) where the defendant "transacts any business within the state or contracts anywhere to supply goods or services in the state" (CPLR 302[a][1]); (2) where the defendant "commits a tortious act within the state" (CPLR 302[a][2]); (3) where the defendant "commits a tortious act without the state causing injury to person or property within the state. . . . if he [or she] (i) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or (ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce" (CPLR 302[a][3] ); and (4) where the defendant "owns, uses or possesses any real property situated within the state" (CPLR 302[a][4] ).

In addition to availing oneself to the state, there must be "a sufficient relationship established between a defendant's transactions in New York and a plaintiff's cause of action in order to satisfy the nexus requirement of the statute" (*Johnson v. Ward*, 4 N.Y.3d 516 [2005], where the court found that the New Jersey domiciled defendant having a New York license provided insufficient nexus to the negligent driving claim, and dismissing the complaint). Due process requires that "by purposefully availing itself of the privilege of conducting business in New York State, a defendant should foresee the possibility of having to defend a lawsuit here." (*English v. Avon Prods., Inc.*, 206 A.D.3d 404 [2022]. While a plaintiff's pain and suffering may take place in New York, "The thrust of the statute is directed to the…imparting of the original injury within the State of New York and not resultant damage, in order that jurisdiction might be effectuated.'" (*Lancaster v. Colonial Motor Freight Line, Inc.*, 177 A.D.2d 152 [1992] where the court held that South Carolina resident Defendant was not subject to New York jurisdiction as a result of an accident that took place in South Carolina because he did not have sufficient connection to the state).

161861/2023   MIRANDA, MICHELLE ET AL vs. CASTILLO DE LA CRUZ, LINDA Y. ET AL          Page 2 of 4
Motion No.  001

[* 2]                                          2 of 4

In support of her motion, Defendant submits the Summons and Complaint, Troche-Castillo's Answer, and the Police Report. In the summons and complaint and in the police report, Defendant is listed as a resident of the state of New Jersey, registers their vehicle in New Jersey, and the incident arises out of an alleged car accident in the state of New Jersey.

While it is not necessary that Plaintiff alleges jurisdiction in the initial complaint, upon receiving a motion to dismiss, the Plaintiff must make showing that the New York court has jurisdiction (*see Coast to Coast Energy, Inc.*). Here, Plaintiff has failed to respond to Defendant's motion, leaving them below the standard of making "a sufficient start" in proving jurisdiction. Further, in this case, similar to *Lancaster*, the Defendant Driver of the vehicle within which Plaintiff was a passenger is domiciled in New York, while the moving defendant, the driver of the other automobile comes from out of state and holds no proved connection to New York (*Lancaster* 177 A.D.2d 152). Both incidents took place outside of the state of New York.

In accepting Plaintiff's allegations as true, Defendant still has not alleged to have any connection with New York. Plaintiff provided no proof she conducted business in the state, owns real estate there, nor has the tortious act been committed in New York. Additionally, she was served with the summons at her home in New Jersey. As such, no sufficient relationship to the state has been proven in order to satisfy the nexus requirement. The motion is granted.

Accordingly, it is

**ORDERED** that the motion by Defendant Linda Y. Castillo de la Cruz to dismiss Plaintiff's complaint pursuant to CPLR 3211(a) (8) and 308 is granted without opposition, and the complaint is dismissed in its entirety as against said defendant, and the Clerk is directed to enter judgment accordingly in favor of said defendant; and it is further

**ORDERED** that the action is severed and continued against the remaining defendant; and it is further

**ORDERED** that the caption be amended to reflect the dismissal and that all future papers filed with the court bear the amended caption; and it is further

**ORDERED** that counsel for the moving party shall serve a copy of this order with Notice of Entry upon the Clerk of the Court and the Clerk of the General Clerk's Office, who are directed to mark the court's records to reflect the change in the caption herein; and it is further

161861/2023  MIRANDA, MICHELLE ET AL vs. CASTILLO DE LA CRUZ, LINDA Y. ET AL          Page 3 of 4
Motion No. 001

3 of 4

[* 3]

**ORDERED** that such service upon the Clerk of the Court and the Clerk of the General Clerk's Office shall be made in accordance with the procedures set forth in the *Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases* (accessible at the "E-Filing" page on the court's website).

This constitutes the Decision and Order of the Court.

| 7/11/2024 | | |
|---|---|---|
| DATE | | JAMES G. CLYNES, J.S.C. |

| CHECK ONE: | ☐ CASE DISPOSED | ☒ NON-FINAL DISPOSITION | |
|---|---|---|---|
| | ☒ GRANTED ☐ DENIED | ☐ GRANTED IN PART | ☐ OTHER |
| APPLICATION: | ☐ SETTLE ORDER | ☐ SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | ☐ INCLUDES TRANSFER/REASSIGN | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |

161861/2023  MIRANDA, MICHELLE ET AL vs. CASTILLO DE LA CRUZ, LINDA Y. ET AL
Motion No. 001

Page 4 of 4